## LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* HOWARTH.

[No. 9,715. Filed October 14, 1919. Rehearing denied June 17, 1920.]

1. RAILROADS.—*Crossing Accident.—Statutory Signals.—Failure to Give.—Pleading.*—An allegation that defendant ran its train upon the crossing at a high rate of speed, and in so doing carelessly and negligently failed to blow any whistle, or ring any bell, or give any warning of approach whatever, sufficiently charges failure to give statutory crossing signals. pp. 460, 473.

2. RAILROADS.—*Crossing Accident.—Proximate Cause.—Pleading.*—Where the facts alleged are sufficient to warrant the inference that plaintiff would have heard the statutory crossing signals, if given, in time to have avoided the collision, and that her injuries were the proximate result of defendant's failure in that regard, the complaint will withstand demurrer although there be no direct allegation that the specific acts of negligence charged were the proximate cause of the injuries complained of. p. 461.

3. APPEAL.— *Negligence.— Sufficiency of Pleading.— Review.—* When the appellate court has concluded that a complaint in one paragraph is sufficient on the theory of one of several acts of negligence charged, the other acts of negligence need not be considered in reviewing the ruling on demurrer. p. 461.

4. RAILROADS.—*Crossing Accident.—Answers to Interrogatories.* —In an action by a traveler injured at a railroad crossing, answers by the jury that the plaintiff was familiar with the crossing, had keen sight and hearing and that the engine headlight was burning, *held* not necessarily in irreconcilable conflict with the general verdict on the questions of contributory negligence and proximate cause, in view of the burden to prove contributory negligence resting on defendant, and of the possibility of evidence being introduced within the issues, tending to explain the answers and reconcile them with the verdict. p. 462.

5. RAILROADS.—*Crossing Accident.—Evidence.—Jury Questions.* —In an action for injuries on a railroad crossing, evidence examined and *held* to present a case properly submitted to the jury on the issues of contributory negligence and proximate cause. p. 464.

6. RAILROADS.—*Crossings.—Warning Bells.—Evidence of Failure to Ring Before Accident.—Admissibility.—Constructive Knowledge.*—Where the complaint averred that an automatic warning bell kept at the crossing was out of repair and did not ring at the time of the collision, evidence of the failure of the bell to ring when trains were approaching, for a long time before the accident in question, was admissible to show defendant's constructive knowledge that the bell was not serving the purpose for which it was designed. p. 466.

7. RAILROADS.—*Crossings.—Warning Bells.—Evidence of Failure of Bell to Ring Both Before and After Accident.—Admissibility. —Probability.—Evidence.*—Where it is charged in the complaint that the automatic warning bell kept at the crossing did not ring at the time of the accident, evidence of the action of the bell both before and after the accident was admissible to show such a state of facts as would render a failure to ring at such time reasonably possible, if not probable, the production of evidence of possibility or probability being a recognized logical step in the establishment of a fact, and the material fact being whether, upon this occasion, the bell did or did not ring. p. 467.

8. RAILROADS. — *Crossing. — Warning Bells. — Condition.—Evidence.—Presumption.*—An automatic warning bell at a railroad crossing, which failed often to ring as designed, though it rang often, must be considered as being out of repair. p. 467.

9. TRIAL.—*Reception of Evidence.—Objection.—Time.—*An objection to a question after answer is too late to be availing. p. 469.

10. APPEAL. — *Harmless Error.* — *Evidence.* — *Railroads.*— Evidence that from something said by or in the presence of plaintiff as she was preparing to go home, plaintiff knew she would have to cross the railroad track *held* harmless in an action for injuries received on such trip while upon the crossing. p. 469.

11. DAMAGES.—*Evidence.—Social Position.—Domestic Relations.*—In an action for damages for personal injuries, testimony by plaintiff's husband that their domestic relations and social position were good was clearly immaterial. p. 469.

12. APPEAL.—*Harmless Error.—Immaterial Evidence.—*Permitting the introduction of evidence that is clearly immaterial is, as a general rule, harmless. p. 469.

13. EVIDENCE.—*Hearsay.—Action by Public Service Commission.—Railroads.—*In a crossing accident case, the general foreman of electrical appliances of defendant is not a competent witness to testify as to any action taken by the Public Service Commission with reference to a test and acceptance of the automatic warning bell at the crossing, as any such action would be purely hearsay on his part. p. 470.

14. APPEAL.—*Evidence.—Competent and Incompetent Offered Together.—*When competent and incompetent evidence is blended together and offered as a whole, it is not error to sustain an objection to the whole. p. 470.

15. TRIAL.—*Misconduct of Counsel.—Remedy When Curable.—*A remark by counsel for plaintiff following an answer by a witness for defendant on cross-examination that "That is a job for the prosecuting attorney for perjury," was improper but curable, and the remedy of defendant was to have the jury admonished to disregard the remark. p. 470.

16. APPEAL.—*Misconduct of Counsel.—Failure to Request Proper Remedy.—*Complaint cannot be made of the failure of the court to admonish the jury to disregard an improper remark made by counsel, where the same was not requested. p. 470.

17. APPEAL.—*Misconduct of Counsel.—Discharge of Jury.—*When a remark by counsel, though improper, is not incurable by admonishing the jury, the refusal of the court to sustain a request for a discharge of the jury therefor is harmless. p. 470.

18. NEW TRIAL.—*Grounds For.—Answers to Interrogatories.—Insufficiency of Evidence to Sustain.—*Insufficiency of the evidence to sustain answers to interrogatories is only properly assignable as a cause for new trial where the answers are in irreconcilable conflict with the general verdict. p. 471.

Lake Erie, etc., R. Co. *v.* Howarth—73 Ind. App. 454.

19. DAMAGES.—*Amount.—When Not Excessive.*—The judgment will not be reversed when the amount of damages assessed, $2,000, was not so large as to induce the court to believe that the jury acted from prejudice, partiality or corruption, the plaintiff having received serious and painful injuries, from which, at the time of the trial, she was still suffering and would probably continue to suffer for an indefinite period.   p. 471.

20. TRIAL.—*Instructions.—Use of "If".*—A conditional clause may be introduced into an instruction by the word "if" without assuming the truth of the facts dealt with by the clause, such being a common and permissible use of such word.   p. 472.

21. RAILROADS.— *Crossings.— Warning to Travelers.— "Reasonably Necessary."*—An instruction that the notice to be given travelers on the highway of the approach of trains to the crossing must be that notice reasonably necessary to warn them, does not include any special or unusual notice required to protect travelers indifferent to their own safety, and does not make the railroad an insurer of notice to travelers in all events.   p. 473.

22. APPEAL.—*Instructions.—Inaccuracy.—Harmless Error.*—An inaccuracy in an instruction is harmless when there is no claim or basis for a claim that there was anything in the evidence to which the inaccurate language might have been prejudicially applied by the jury.   p. 473.

23. RAILROADS.— *Crossings.— Traveler on Highway.— Ordinary Care.*—A traveler on the highway is bound to use ordinary care in approaching a railroad crossing.   pp. 474, 477.

24. RAILROADS.—*Crossing Accidents.—Instructions.—Right of Precedence as Affecting Ordinary Care by Traveler on Highway.*—Where by a prior instruction the court had fully informed the jury as to the railroad's priority of right to use the crossing upon giving proper notice of its intention to do so, an omission by a later instruction defining the right of a traveler on the highway to use the crossing under the requirement of the use of ordinary care in so doing, to qualify the right of such traveler by a restatement of such right of priority, is harmless, under the rule that it is not necessary to state all the law applicable to a case in one instruction, but it is sufficient if the instructions, taken as a whole, correctly state the law involved.   p. 474.

25. NEGLIGENCE.—*Automobiles.—Negligence of Driver Not Imputable to Occupant.*—Negligence of the driver of an automobile is not, as a general rule, imputable to another occupant thereof.   p. 475.

26. RAILROADS.—*Crossing Accident.—Negligence of Automobile Driver.—Sole Proximate Cause.*—To relieve the railroad from

liability for injuries sustained by a highway traveler at a railroad crossing, the negligence, if any, of the driver of the automobile in which plaintiff was riding must have been the sole proximate cause of the injuries. p. 475.

27. RAILROADS.—*Crossings.*—*Statutory     Signals.*—*Negligence.*— The omission to give the statutory signals at the crossing of the railroad with a highway constitutes negligence *per se.* p. 476.

28. NEGLIGENCE.—*Instructions.*—*Acts of Negligence.*—*Aider by Answers to Interrogatories.*—It was not error to instruct that plaintiff was not bound to prove all the separate causes of negligence alleged, but was bound to prove some act of negligence alleged in her complaint, where one of such acts was well pleaded, and the facts shown by answers to interrogatories established it and showed that it was the proximate cause of the plaintiff's injuries, although other acts of alleged negligence contained in the complaint could not be the basis of recovery. p. 476.

29. APPEAL.—*Harmless Error.*—*Instruction Shown Harmless by Answers to Interrogatories.*—*Railroads.*—It was not reversible error that an instruction was so worded as to permit a verdict for failure to install crossing gates or other safety devices, where the answers to interrogatories disclose that the proximate cause of the plaintiff's injuries was the failure to give statutory crossing signals. p. 477.

30. APPEAL.—*Harmless Error.*—*Refusal of Instruction Shown Harmless by Answer to Interrogatory.*—*Railroads.*—Where an instruction as to the speed of the train, tendered by defendant, was refused, an answer to an interrogatory giving the speed of the train when it reached the crossing that, in effect, was a finding in defendant's favor on the question covered by the instruction, renders its refusal harmless. p. 478.

31. APPEAL.—*Harmless     Error.*—*Instructions.*—*Damages.*—Refusal of an instruction that if the jury found plaintiff not entitled to recover it would have no occasion to consider the question of damages or the character and extent of her injuries, was harmless where the jury found that plaintiff was entitled to recover. p. 479.

32. TRIAL.—*Instructions.*—*Refusals.*—*Covered by Others Given.* —It is not error to refuse instructions covered by others given. p. 479.

33. RAILROADS.—*Crossings.*—*Warning Bells.*—*Duty to Keep in Order.*—Where a railroad company installed an automatic warning bell at a crossing to warn travelers on the highway of the approach of its trains, it was under the duty, while maintaining the bell, to use reasonable care to keep it in good condition,

although there was no law compelling its installation in the first instance, and failure in such duty would be negligence. p. 481.

34. PLEADING. — *Demurrer to Complaint.* — *Memorandum.* — *Waiver.*—*Negligence.*—*Trial.*—In demurring to a complaint for negligence which lacks the essential averments of knowledge on the part of defendant and the lack thereof on the part of the plaintiff, the failure to specifically point out such defects by the memorandum filed with the demurrer is a waiver thereof. p. 481.

35. APPEAL.—*Pleading.*—*When Deemed Amended.*—Where the defendant waived the lack of essential allegations in the complaint by failing to specifically point out the objections by memorandum to demurrer, and, at the trial, made no objection to the reception of evidence to support such omitted allegations, and the court instructed the jury as to the effect of such evidence, the complaint will be deemed amended to conform to the proof so made. p. 483.

From Warren Circuit Court; *Burton B. Berry,* Judge.

Action by Nora A. Howarth against the Lake Erie and Western Railroad Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*John B. Cockrum, Grant Hall* and *Stuart, Hammond & Stuart,* for appellant.

*Fraser & Isham* and *Elmore Barce,* for appellee.

BATMAN, C. J.—This is an action by appellee against appellant to recover damages for personal injuries alleged to have been caused by the negligence of appellant in operating one of its trains over and across a much-traveled public highway. The complaint is in a single paragraph. Appellant filed a demurrer thereto, which was overruled, and then filed an answer in general denial. The cause was submitted to a jury for trial, which returned a verdict in favor of appellee, with answers to certain interrogatories submitted by the court. Appellant filed a motion for judgment in its favor on the answers to the interrogatories notwithstanding the general verdict, and also a motion for a

new trial, both of which were overruled. Judgment was then rendered in favor of appellee on the general verdict for $2,000 and costs. From this judgment appellant has appealed, and has assigned errors which require a consideration of the questions hereinafter determined.

Appellant, in support of its contention that the court erred in overruling its demurrer to the complaint, asserts, among other things, that the cause was

1. tried upon the theory, as shown by the instructions, that it failed to give the statutory crossing signals, and that the complaint fails to state a cause of action on that theory, since there are no averments as to the requirements of the statute, or as to its failure to observe the same. While the facts alleged in the complaint are not stated in the best order and, in some particulars, not as fully as they might be, a careful reading discloses that it describes the location of the crossing in question, the physical conditions which prevented a traveler approaching the same from the north from looking west and seeing an on-coming eastbound train, and the care employed by appellee in attempting to use the crossing on the occasion of her injury, and in addition thereto alleges in substance the following facts pertinent to the question under consideration: That appellant ran one of its trains, approaching from the west, upon said crossing at a high rate of speed, and in so doing carelessly and negligently failed to blow any whistle or ring any bell or give any warning whatever of its approach, and carelessly and negligently struck the automobile in which appellee was riding, causing the injuries of which she complains. This court, in a comparatively recent case, in discussing the sufficiency of similar allegations to state a cause of action under the statute, said: "While it would seem that good pleading requires that the allegations of a complaint based on the failure to give the statutory signals should

be more specific than as indicated above, yet under the decided cases, in view of such general allegations, the complaint states a cause of action based on the failure to give the statutory signals." *Chicago, etc., R. Co.* v. *Barnes* (1918), 68 Ind. App. 354, 119 N. E. 26. Following this decision we hold that appellant's contention is not well taken.

But appellant urges the further objection to the complaint that it does not allege that the specific acts of negligence charged were the proximate cause of appellee's injuries, and that no facts are alleged warranting such an inference. We cannot agree with appellant as to the latter statement. The complaint alleges the conditions surrounding the crossing at the time of the accident, the care used by appellee in approaching and entering upon the same, the failure of appellant to blow any whistle or ring any bell to give warning of the approach of its train, and the manner in which the collision occurred. The facts alleged with reference to these matters are sufficient to warrant the inference that appellee would have heard the statutory crossing signals in time to have avoided the collision, had they been given, and that her injuries were the proximate cause of appellant's failure in that regard. *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99.

We conclude that the complaint is sufficient to withstand a demurrer, when considered solely as charging a failure to give the statutory crossing signals. This being true, we need not consider any of the other acts of negligence alleged, in passing upon the assigned error under consideration. *Pittsburgh, etc., R. Co.* v. *Ervington* (1915), 59 Ind. App. 371, 108 N. E. 133.

Appellant contends that the court erred in overruling its motion for judgment on the answers to the interroga-

tories, notwithstanding the general verdict. It bases this contention on the following facts specially found: The cut west of the crossing, occupied by the tracks, was so deep that the bank on the north concealed the approach of trains, running from the west toward said crossing, from travelers on the Pine Village road who were north thereof, except from six to twenty-five feet next to the north rail of said track; that when a traveler, proceeding south on said highway, reached a point twelve feet north of the north rail of said track at said crossing, he could see the approach of a train from the west for a distance of about one-half mile; that appellee was familiar with the physical surroundings of said crossing and, prior to said accident, had frequently crossed over the same; that appellee, while riding in the automobile with her husband, approached the crossing from the north, fully appreciating the danger of using the same; that, when said train approached said crossing and reached a point one-half mile west thereof, several blasts of the whistle of the engine were given; that the headlight on the engine of said train was burning as it approached said crossing, and as the train reached the same it was running from six to eight miles per hour; that at the time of the accident there were no factories in operation in the immediate vicinity of said crossing, and that appellee and her husband both had good hearing and keen sight at such time. It is appellant's contention that these facts are in irreconcilable conflict with the general verdict, as they show that appellee was guilty of contributory negligence, and that the negligence of appellant could not have been the proximate cause of her injuries. In this connection it should be borne in mind that appellant had the burden on the question of contributory negligence, and that the general verdict was a finding in favor of appellee on that issue. Before the answers

to the interrogatories can be permitted to overturn the general verdict on such issue, the court must be able to say that such answers affirmatively show a state of facts which necessitates the conclusion that appellee was guilty of negligence contributing to her injury, regardless of any and all evidence that might have been introduced under the issues, tending to support the general verdict on such issue, or tending to explain such answers and reconcile them with the general verdict. *Lutz* v. *Cleveland, etc., R. Co.* (1915), 59 Ind. App. 16, 108 N. E. 886. Under this rule we must consider that the evidence may have shown that, while appellee was familiar with the physical surroundings of the crossing, as specially found, her knowledge thereof did not include such detailed information in that regard as to charge her with negligence because the automobile may not have been stopped in the most advantageous place for viewing the track toward the west; and may have further shown that, while the headlight on the engine was burning as the train approached the crossing, it "was so covered, dimmed and obscured that it gave no warning of the approach of the train," as alleged in the complaint. The evidence may have also shown such facts with reference to the automatic electric bell, the operation of the train as it approached the crossing, appellee's care in approaching and entering upon the same, that would exonerate her from the charge of contributory negligence, notwithstanding the facts specially found. While the answers to the interrogatories establish facts proper for the consideration of the jury in determining the question of contributory negligence and proximate cause, they are not necessarily in irreconcilable conflict with the general verdict on such issues, and hence appellant's contention in that regard cannot be sustained.

It is further contended with reference to the answers to the interrogatories that they are of such a character,

when viewed in the light of the evidence, as to at least raise a doubt upon the whole record as to the correctness of the result, and that the court, by reason of such fact, should reverse the judgment and direct that a new trial be granted. In our judgment the record does not present such a state of facts as to require such action.

Appellant, in its contention that the court erred in overruling its motion for a new trial, asserts that the verdict of the jury is contrary to law, because it is based upon a complaint that does not state facts sufficient to constitute a cause of action. Having held that the complaint was sufficient to withstand a general demurrer for want of facts, it is unnecessary to give this insistence of appellant any further consideration. In further support of its contention that the court erred in overruling its motion for a new trial, appellant challenges the sufficiency of the evidence on the issues of negligence, contributory negligence and proximate cause. The complaint stated facts sufficient to constitute a charge of negligence, based on appellant's failure to cause the signals required by §5431 Burns 1914, §4020 R. S. 1881, to be given, as the train approached the crossing. While not without contradiction, there was sufficient evidence to sustain such charge.

As bearing more particularly on the issue of contributory negligence there was substantial evidence of the following facts: Appellee was injured on April 13, 1915, between nine and ten o'clock at night at the intersection of a public highway with appellant's railroad near the town of Oxford, Indiana. At the time she was riding in an automobile, driven by her husband, and was returning home from a visit. The railroad extended east and west, and the highway, running north and south, intersected it at the crossing, substantially at right angles. The railroad west of the crossing was laid in a cut so deep that the bank on the

north concealed trains approaching from the west from travelers on the highway north of said crossing, except from six to twenty-five feet next to the north rail of said track, but at a point twelve feet north of said north rail a traveler proceeding south on said highway could see the approach of a train from the west for a distance of about one-half mile.    Prior to the accident in question, appellee had frequently passed over said crossing, was familiar with its physical surroundings, and fully appreciated the danger attending its use.    On the night of the accident, appellee and her husband approached the crossing from the north, riding in their automobile with the side curtain up.    When they were from fifteen to thirty feet from the railroad track at the crossing, the automobile was stopped, the curtains on both the east and west sides were unfastened, and appellee looked in each of said directions for an approaching train. Appellee's husband at the time was sitting on the right side of said automobile, and looked toward the west for an approaching train.    Both appellee and her husband listened for some warning of the approach of a train. They knew of the existence of the automatic electric bell, and the purpose for which it was installed.    They listened for the ringing of that bell, for the sound of a whistle, and the ringing of an engine bell, and for the noise of an approaching train, but did not see nor hear anything to indicate that a train was approaching. Appellee's husband then started the automobile, and made an attempt to pass over said crossing, while operating the same in second gear at a speed of from three to four miles an hour and, while so doing, appellant struck said automobile with one of its engines, causing the injuries of which appellee complains.    It was dark at the time, there being no moonlight.    Appellee and her husband both had keen sight and good hearing, and

there were no factories in operation in the immediate vicinity of the crossing. There was substantial evidence tending to show that, as the train in question approached the crossing, the statutory signals with whistle and bell were not given; that the automatic electric bell, installed by appellant to give warning to travelers, and of which appellee had knowledge, was out of repair and did not ring on that occasion; that the headlight on the engine, although burning, was in such condition that appellee and her husband, by the exercise of ordinary care, were unable to see its light, and thereby detect the presence of the train as they approached the crossing; that prior to the time the train reached the crossing, the steam had been shut off the engine, the air brakes had been applied, and it drifted to the crossing, running at a speed of from six to eight miles an hour at the time of the collision; that appellant ran its engine upon and against said automobile at the crossing, without giving any warning or signal that it was about to use the same. In our judgment contributory negligence, under this evidence, was a question of fact for the jury. *Cleveland, etc., R. Co.* v. *Van Laningham* (1913), 52 Ind. App. 156, 97 N. E. 573; *Cleveland, etc., R. Co.* v. *Starks* (1915), 58 Ind. App. 341, 106 N. E. 646; *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486. The evidence also made a case properly submitted to the jury on the issue of proximate cause. *Standard Steel Car Co.* v. *Martinecz* (1918), 66 Ind. App. 672, 113 N. E. 244, 114 N. E. 94.

Appellant contends that the court erred in admitting certain evidence over its objections. Among such evidence is that given by C. W. Dawson, R. B. Craw and Ruby Craw, relating to the action of the automatic warning bell at the crossing in failing to ring, both before and after the accident in question, when trains were approaching and passing. In this

connection it should be noted that the complaint alleges certain facts with reference to the installation of said automatic bell, its condition as to being out of repair on the occasion of appellee's alleged injury, and the length of time it had been in such condition. It also alleges that the bell did not give the warning for which it was designed on said occasion. The sufficiency of these averments to charge an act of negligence was not challenged, either by a motion to strike out, or by a specific statement in the memorandum filed with the demurrer to the complaint. There was evidence which tended to show that the device which operated the bell was out of repair on the occasion in question. A portion of the alleged objectionable evidence tended to show that such condition had existed for a long time prior thereto, and that, by reason of such fact, sometimes the bell would not ring as trains were approaching and passing the crossing. This evidence was clearly admissible for the purpose of showing that appellant had at least constructive knowledge that the bell was not serving the purpose for which it was designed.

The evidence under consideration further tends to show that this condition continued to exist for several months immediately following the accident to 7-8. appellee. Evidence of the action of the bell, both before and after the accident in question, was admissible for the purpose of showing such a state of facts as would render a failure of the bell to ring at such time reasonably possible, if not probable, under the circumstances. The production of evidence of possibility or probability is one of the recognized logical steps in the establishment of a fact. *Dunning* v. *Maine, etc., R. Co.* (1897), 91 Me. 87, 39 Atl. 352, 64 Am. St. 208. Such evidence is admissible, although it may not tend strongly to establish the fact to be proved. It suffices if it reasonably tends to do so. *Knapp* v. *State* (1907),

168 Ind. 153, 79 N. E. 1076, 11 Ann. Cas. 604. But appellant contends that, inasmuch as the undisputed evidence shows that the bell often did ring, it cannot be said that it was continuously out of repair during the time covered by the evidence in question. This contention cannot be sustained. The evident purpose of the bell was to give warning when each train approached and passed the crossing. Its efficiency depended upon the uniformity of action in this regard. If it was not dependable in this respect and often failed to ring as designed, it must be considered as being out of repair, although it often did ring, as the evidence shows. Inasmuch as the bell with its attachments constituted an electro-mechanical device, we conclude that the evidence was admissible as bearing on the question of whether or not the bell did in fact ring as designed on the occasion of the alleged collision. It should be further noted in this connection that the jury was informed by instruction No. 5, given by the court on its own motion, that the evidence under consideration was immaterial in this case, except as bearing on the question as to whether or not the bell did or did not sound the warning for which it was intended on the approach and passage of the train at the time appellee received her alleged injuries; that evidence of its condition and operation, prior and subsequent thereto, was submitted solely for the purpose of aiding in determining such fact; that if it found that said bell did ring upon such occasion, then, and in that event, the condition and operation of said bell prior or subsequent thereto is immaterial. In view of what we have said, and of this instruction, it is clear that appellant was not harmed by the admission of the evidence in question.

Respecting the claim that the court erred in admitting certain evidence of Arthur Benedict, it suffices to say that an examination of the record discloses that appel-

lant made no objection to the question asked until the witness had answered the same. An objection made to a question after an answer has been given is too late to be availing. *Swygart* v. *Willard* (1906), 166 Ind. 25, 76 N. E. 755; *Weideroder* v. *Mace* (1916), 184 Ind. 242, 111 N. E. 5.

On the trial the witness Clara Benedict was asked the following question, which she was permitted to answer over appellant's objection: "You can state, if you please, from anything said there at the time, whether she (appellee) knew she had to cross the railroad track?" The witness answered, "Yes." The record shows that this question refers to something that was said by or in the presence of appellee as preparations were being made to return home from a visit in the town of Oxford on the evening she received her alleged injury. We fail to see how appellant could have been harmed by this question and answer. There was no reversible error in its admission.

Error is predicated on the action of the court in permitting appellee's husband, when testifying as a witness, to answer the following question over appellant's objection: "And you can say, if you please, without going into details, what the fact is as to your domestic relations and social position?" The witness answered, "They were good." Permitting an introduction of evidence that is clearly immaterial is, as a general rule, harmless, if erroneous. *Fisher* v. *Carey* (1918), 67 Ind. App. 438, 119 N. E. 376. The evidence thus elicited was clearly immaterial and, as we are unable to see wherein it could have harmed appellant, we conclude that the court did not commit reversible error in its admission.

Appellant also complains of the action of the court in refusing to permit the witness Norton, who was its general foreman of electrical appliances, to testify, in re-

sponse to a question propounded by it, that the bell was tested and accepted by the Public Service Commission of Indiana. It is obvious that the witness would not be competent to testify as to any action taken by such commission with reference to said bell, as any such action would be purely hearsay on his part. This renders a further consideration of any error in excluding said evidence unnecessary, as it is well settled that when competent and incompetent evidence is blended together and offered as a whole, it is not error to sustain an objection to the whole. *Jose* v. *Hunter* (1916), 60 Ind. App. 569, 103 N. E. 392, 852.

Appellant also predicates error on the alleged misconduct of appellee's counsel. The record discloses that on the trial one of appellant's witnesses, in response to a question asked him on cross-examination, denied making a certain statement before the jury, and thereupon one of appellee's attorneys made the following remark: "That is a job for the prosecuting attorney for perjury." Appellant thereupon moved the court "to set aside the submission and discharge the panel in the cause, on account of the remarks of counsel." This motion was overruled, and appellant duly excepted. The remark of counsel was improper, but the wrong was not incurable. Hence, the only relief to which appellant was entitled was to have the jury admonished to disregard the remark. This was not done, but appellant is not in a position to complain of any failure of the court in that regard, as it made no motion or request for such action. The only step taken by appellant was to move the court to set aside the submission and discharge the jury. As the remark was not of such a nature as to be incurable, it was not a ground for such action. Hence appellant was not harmed by the refusal of the court to sustain its said motion. *Cleveland, etc., R. Co.* v. *Clark* (1913),

52 Ind. App. 646, 99 N. E. 777; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589; *Cleveland, etc., R. Co.* v. *Hadley* (1908), 170 Ind. 204, 82 N. E. 1025, 84 N. E. 13, 16 L. R. A. (N. S.) 527, 16 Ann. Cas. 1; *Vandalia Coal Co.* v. *Price* (1912), 178 Ind. 546, 97 N. E. 429.

Appellant contends that the judgment should be reversed because the answers to certain interrogatories submitted to the jury are not supported by any evidence. Such insufficiency of evidence is only properly assignable as a cause for a new trial where the answers are in irreconcilable conflict with the general verdict, thereby necessitating judgment on such answers. *Vandalia Coal Co.* v. *Price, supra.* The evidence fails to disclose that the jury, in making answers to the interrogatories submitted, sought to evade its duty as asserted by appellant. For the reasons stated, appellant's contention is not ground for reversal.

Appellant also contends that the damages are excessive. An examination of the record discloses that there is substantial evidence that appellee received serious and painful injuries, from which she was still suffering at the time of the trial, and from which she would probably continue to suffer for an indefinite period. The amount of damages assessed was not so large as to induce the court to believe that the jury must have acted from prejudice, partiality or corruption. Under these circumstances the judgment will not be reversed on such ground. *Indianapolis, etc., Transit Co.* v. *Reeder* (1912), 51 Ind. App. 533, 100 N. E. 101.

The instructions to the jury consist of nineteen requested by appellant, seven requested by appellee, and seven given by the court on its own motion. Appellant also tendered seventeen instructions, which the court refused to give. Exceptions were taken by appellant

to the action of the court in giving the fourteen instructions not included in its request, and in refusing to give the seventeen instructions tendered by it. The brief of appellant contains specific propositions or points with reference to the action of the court on each of the thirty-one instructions, concerning which it claims the court made erroneous rulings. We have carefully considered the action of the court with reference to each of said instructions, but it is obvious that it would unduly extend this opinion to set out each of said instructions, and discuss all objections made thereto at length. For this reason the space devoted to each instruction must be brief.

Appellant's objections to the giving of instruction No. 1, requested by appellee, are in substance as follows: That it invaded the province of the jury by assuming that appellant was guilty of negligence; that it made appellant an insurer of notice to travelers regarding its intention to occupy the crossing, regardless of whether they were in the exercise of ordinary care to discover the presence or absence of warning; and that it permitted the jury, in determining whether the notice given by appellant of the intended use of the crossing was such as ordinary care requires, to consider all the facts and circumstances in evidence with respect to the crossing, regardless of whether it knew of such conditions or was chargeable with knowledge thereof.

Respecting the first objection, it suffices to say that when we consider the word "if" in the clause cited by appellant as introducing a condition, the instruction is free from the assumption which appellant attributes to it. This is a permissible and common use of such word, and it was evidently so used in this instance.

The second objection is not well taken, as the notice specified in the instruction is limited to that "reasonably

Lake Erie, etc., R. Co. *v.* Howarth—73 Ind. App. 454.

necessary" to warn travelers. This would not include such unusual or special notice as might be required for the protection of travelers who were indifferent to their own safety. Appellant was not harmed by any inaccuracy in the instruction as indicated by its third objection, since there is no claim, or basis for a claim, that there was any condition about the crossing in question which the jury might have considered to the prejudice of appellant under the language used. We conclude that there was no reversible error in giving said instruction.

Instruction No. 2, given at the request of appellee, relates to the statutory duty of appellant with reference to sounding the whistle and ringing the bell of the locomotive engine as it approached the crossing. Appellant contends that the court erred in giving this instruction because there are no averments in the complaint as to the requirements of the statute in that regard. This contention cannot be sustained, as such averments were not essential in order to permit the introduction of evidence of the violation of such statute, and a consideration of such fact in determining appellant's negligence. *Chicago, etc., R. Co.* v. *Barnes, supra; Vandalia R. Co.* v. *Stringer* (1915), 182 Ind. 676, 106 N. E. 865, 107 N. E. 673; *Chicago, etc., R. Co.* v. *Biddinger* (1916), 63 Ind. App. 30, 113 N. E. 1027. It it also urged in this connection that the complaint does not aver a failure on the part of appellant to observe such statutory requirements. In this appellant is in error, as it is expressly alleged "that said defendant carelessly and negligently failed to blow any whistle or ring any bell, or give any warning whatever of the approach of said train." We conclude that the contention of appellant with reference to said instruction is not well taken.

Appellant's first objection to instruction No. 3, given

at the request of appellee, is the same as the first objection made to said instruction No. 2, and, in view of what we have said above, does not require further consideration. The two remaining objections to said instruction are without merit.

Instruction No. 4 relates to the degree of care required of appellee in approaching the crossing in order to be free from negligence. Appellant contends that by the language of said instruction appellee was only required to exercise that degree of care that ordinarily prudent persons would have exercised and that this was error. We are of the opinion that the instruction, taken as a whole and fairly construed, informed the jury that appellee was bound to use ordinary care in approaching the crossing, which is a correct statement of the law. Appellant also criticises instruction No. 5, given at the request of appellee. This instruction, as well as said instruction No. 4, met the approval of the court in the case of *Cleveland, etc., R. Co. v. Lynn* (1912), 177 Ind. 311, 95 N. E. 577, 98 N. E. 67. It is applicable to the facts of this case, and could not have led the jury to believe that appellee, having listened once, might thereafter make no further use of her sense of hearing, as appellant contends. There was no error in giving said instructions.

Appellant's objection to instruction No. 6, given at the request of appellee, is based on the fact that it states that persons who desire to cross a railroad track at a point where a highway crosses the same have a right to do so, and are only required to exercise ordinary care in so doing. It claims that this statement is too broad, and should have been qualified by the rule of law that a railroad company, having given notice of its intention to use a crossing, has priority, even over a traveler who has exercised ordinary care. The jury in a prior instruction had been fully informed

as to a railroad company's priority of right to use a public crossing conditioned on having given proper notice of such intention. This was sufficient to render harmless any omission in the instruction in that regard, under the rule that it is not necessary to state all the law applicable to a case in one instruction, but that it suffices if the instructions, taken as a whole, correctly state the law involved. *American Maize Products Co.* v. *Widiger* (1917), 186 Ind. 227, 114 N. E. 457.

Instruction No. 7, given at the request of appellee, is not rightfully subject to the criticism directed against it by appellant. It relates to the matter of damages recoverable in the event the jury should find for appellee, and is not seriously objectionable considered alone, but when taken in connection with instruction No. 23, given at the request of appellant, its giving was clearly not error.

Appellant contends that instruction Nos. 1 and 2, given by the court on its own motion, are erroneous, as they omit the element of negligence on the part of appellee's husband, which it asserts would preclude a recovery under the circumstances of this case. We cannot concur in this contention. The negligence of the driver of an automobile, as a general rule, is not chargeable to another occupant thereof. *Wabash R. Co.* v. *McNown* (1913), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383. The record fails to disclose any evidence which would render such rule inapplicable in this case. Appellant cites the concluding sentence in instruction No. 2, given by the court at the request of appellee, in support of its contention, but this sentence is more favorable to appellant than the law warrants, as the negligence of appellee's husband, if any, could not relieve appellant of liability if it merely contributed to her injury, as stated therein. In order to do so, such negligence must have been the sole proximate cause

of appellee's injury. *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127.

Appellant further contends that the following statement in said instruction No. 2 renders the same erroneous: "She (appellee) is not bound to prove all the separate causes of negligence alleged, but she is bound to prove, before recovery may be had, some act of negligence of the defendant alleged in the complaint." One of the acts of negligence alleged in the complaint is a failure to sound the whistle and ring the bell as the train in question approached the crossing. The jury, in answer to the interrogatories submitted, found that appellant was guilty of this alleged failure. This omission constitutes negligence *per se* on the part of appellant. The jury also found specially that appellee and her husband, as they approached the crossing, stopped a short distance therefrom, opened the curtains of the automobile in which they were riding, and looked and listened for an approaching train; that at such time they had good hearing, and keen sight, and were so situated that, had appellant given any signal indicating its intention to run its train over said crossing at said time, they could have detected the same; that, failing to see or hear anything to indicate the approach of a train, they attempted to drive over said crossing, and in so doing their automobile was struck by appellant's engine. These facts establish one of the alleged acts of negligence, and show that it was the proximate cause of appellee's injuries. It follows that appellant was not harmed by the giving of said instruction, even if the complaint alleges, as appellant claims, that other acts which cannot be the basis of recovery were acts of negligence. *Lake Shore, etc., R. Co.* v. *Myers* (1912), 52 Ind. App. 59, 98 N. E. 654, 100 N. E. 313. There was no error in giving either of said instructions Nos. 1 and 2.

Appellant urges as an objection to instruction No. 3, given by the court on its own motion, that it only requires of appellee such care as an ordinarily prudent person would have exercised, instead of such care as an ordinarily prudent person should have exercised, or such care as an ordinarily prudent person, acting prudently, would have exercised.   The following cases indicate that this objection is without merit. *Vivian Collieries Co.* v. *Cahall* (1916), 184 Ind. 473, 110 N. E. 672; *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577, L. R. A. 1917E 242; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802; *Virgin* v. *Lake Erie, etc., R. Co.* (1913), 55 Ind. App. 216, 101 N. E. 500; *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 121 N. E. 655, 124 N. E. 737. Moreover, the jury was informed by an instruction given at the request of appellant that it was the duty of a traveler about to use a highway crossing, intersected by a railroad track, to exercise such care as a reasonable, prudent person, acting prudently, would exercise, in view of the circumstances.

Appellant makes the further contention that the instruction is so worded as to permit the jury to find appellant negligent for failing to install crossing gates, automatic wigwag signals, or other like safety devices.   It suffices to say in answer to this criticism that any finding the jury may have made in that regard would not affect the liability of appellant, since the answers to the interrogatories show, as herein before indicated, that the failure to give the statutory crossing signals was the proximate cause of appellee's injuries.   There was no error in giving said instruction.

Instruction No. 4, given by the court on its own motion, relates to the credibility of witnesses.   Appellant's criticism of the same does not indicate to us that the court erred in giving it.   We have heretofore set out

the substance of instruction No. 5, given by the court on its own motion, in considering the admissibility of certain evidence. From what we have said in that connection, it is evident that the instruction is more favorable to appellant than the facts warrant, as a portion of the evidence referred to therein was admissible for a purpose outside of that to which it was limited. The court did not err in giving said instruction. Appellant also bases error on the action of the court in giving instructions Nos. 6 and 7 on its motion, but it is so apparent that there was no reversible error in giving either of them that we do not deem it necessary to prolong this opinion by discussing the criticism made against the same.

Appellant contends that the court erred in refusing to give instructions Nos. 1, 3, 8, 10, 12, 16, 17, 19, 20, 21, 22, 26, 27, 28, 29, 32 and 36. Said instruction No. 1 is a peremptory instruction to return a verdict in favor of appellant. It is urged in support of the error, based on the refusal to give this instruction, that the evidence failed to establish any act of negligence, properly pleaded, upon the part of appellant, and that the evidence most favorable to appellee shows her to have been guilty of contributory negligence. We are of the opinion, as heretofore indicated, that the evidence is of such a character, as to prevent us from sustaining appellant's contention on either of the propositions stated. The court did not err in refusing to give said instruction.

Appellant's instruction No. 10, refused by the court, relates to the rate of speed of the train at the time of the alleged collision, as bearing on the question of negligence in its operation. The jury found, by interrogatory No. 16 submitted at the request of appellant, that the rate of speed of the train as it reached the crossing was from six to eight miles per

hour.   This was in effect a finding in appellant's favor on the question covered by said instruction, and hence the action of the court in refusing to give the same was harmless.  *Louisville, etc., Traction Co.* v. *Lottich* (1915), 59 Ind. App. 426, 106 N. E. 903; *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38, 102 N. E. 449.

Instruction No. 22, tendered by appellant and refused by the court, if given, would have informed the jury that if it found that appellee is not entitled to recover then it would have no occasion to consider the question of damages, or the character or extent of appellee's injuries.  Appellant was not harmed by the refusal of the court to give this instruction, since the jury found that appellee, under the evidence, was entitled to recover.

As to the alleged errors in refusing to give the remainder of said instructions, tendered by appellant, it suffices to say that each of said instructions were substantially covered by other instructions given.  It follows that the court did not err in refusing to give the same.  *Wright* v. *Fox* (1914), 56 Ind. App. 315, 103 N. E. 442; *Bray* v. *Tardy* (1914), 182 Ind. 98, 105 N. E. 772.

We find no reversible error in the record.  Judgment affirmed

ON PETITION FOR REHEARING.

BATMAN, J.—Appellant has filed a petition for a rehearing in this cause in which it asserts, among other things, that this court erred in holding that there was no reversible error in the action of the trial court in admitting certain evidence, and in giving certain instructions with reference to the electric bell, which it is alleged appellant had theretofore established at the highway crossing in question for the purpose of warning travelers on such highway of the proximity of

trains. In this connection it should be noted that the complaint contains the following allegations with reference to such electric bell: "That long before said day the defendant, for the purpose of warning travelers approaching said highway crossing from the north or south, had established an electric bell or gong near said crossing, which was supposed to and intended to automatically ring out an alarm before defendant's said trains approached said highway crossing in ample time to warn approaching travelers on said highway of the proximity of a train so that the traveler could stop his vehicle before approaching said track. * * * And gave out and pretended that said automatic device or gong was amply sufficient and was reliable and could and would give all persons about to use said crossing ample warning of all approaching trains. * * * That as said automobile approached said crossing said driver * * * and this plaintiff both looked carefully for an approaching train * * * and both listened carefully to hear if said automatic device was sounding. That they neither heard any sound nor saw any sign of any approaching train at said point, and, in good faith believing that no train was approaching said point, carefully approached said crossing. * * * And plaintiff avers that said defendant, at and before said time, had carelessly suffered and permitted said automatic device to become and remain out of repair so that the same failed to give plaintiff and her husband any warning of the train of defendant which was at said time rapidly approaching said crossing from the west."

It is thus made apparent that one of the acts of negligence on which appellee relied was the failure of appellant to maintain the electric bell in good working order, after having installed it for the purpose alleged. But appellant contends that such allegations would not

justify the court in admitting evidence and giving instructions with reference to such bell. It bases this contention on two propositions as follows: (1) That there was no law imposing a duty upon it to maintain an electric bell at such crossing, and hence actionable negligence could not be predicated on such failure; (2) that, even if the law imposed such duty, knowledge of the alleged defective condition of such bell on the part of appellant, and want of such knowledge on the part of appellee, would be essential elements in an action based on a failure to discharge such duty; neither of which are alleged in the instant case.

Respecting the first proposition asserted by appellant, it may be said that, while the law did not impose upon appellant the specific duty, in the first instance, to install and maintain an electric bell at such crossing, yet, having installed such bell for the purpose alleged, the duty rested upon it, while maintaining the same, to use reasonable care to keep it in good condition, and its failure so to do would be an act of negligence. *Wabash R. Co.* v. *McNown* (1913), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383.

As to appellant's second proposition it must be admitted that knowledge on the part of appellant, and want of knowledge on the part of appellee, as stated above, are essential, in order to fasten liability on the former for a failure to discharge such duty, and that the complaint, as to this element of negligence, fails to allege such material facts. However, appellant could waive such defects, and in fact will be held to have waived the same unless they are specifically pointed out in the memorandum filed with its demurrer to the complaint. The defects alleged in such memorandum are substantially as follows: The complaint does not state facts sufficient to show that ap-

pellant owed appellee any duty, or that appellant committed a breach of any duty which it owed appellee, or that appellant was guilty of any act of negligence. It does not state facts which show that appellee was free from contributory negligence, but the facts stated affirmatively show that appellee was guilty of contributory negligence. It does not state facts to show that the alleged negligence of appellant was the proximate cause of appellee's injuries, but the facts stated show that the accident in question resulted proximately from either the negligence of appellee, or from the combined negligence of appellee and appellant. It thus appears that the objections to the complaint are, in the main, stated only in general terms, and that no specific reference is made to the absence of allegations with reference to knowledge on the part of appellant, and want of knowledge on the part of appellee, of the defective condition of said electric bell. If a party wishes to have his objections to the sufficiency of a pleading considered, he must do more than refer to the same in general terms in the memorandum filed with his demurrer thereto. As was said by this court in the case of *Stiles* v. *Hasler* (1914), 56 Ind. App. 88, 104 N. E. 878, in referring to the act requiring the filing of a memorandum with a demurrer: "Both the history of the passage of such act and its language necessitate the conclusion that by it the legislature intended to require that such memorandum should point out in clear, explicit and unambiguous language each particular insufficiency of the pleading demurred to, on which the demurring party relies; and, to permit him to cover up or conceal from the trial court by ambiguous or uncertain language or phraseology the objection intended to be urged and relied on in the appellate tribunal would be to defeat the intent and purpose of the law and make it a weapon by which appellate procedure would be complicated rather than

simplified." This expression has been expressly approved in the cases of *Gillispie* v. *Darroch* (1915), 57 Ind. App. 482, 107 N. E. 475, and *Blair-Baker Horse Co.* v. *Railroad Transfer Co.* (1915), 59 Ind. App. 505, 108 N. E. 246. In the later case of *Pittsburgh, etc., R. Co.* v. *Baughn* (1919), 70 Ind. App. 333, 123 N. E. 422, this court said: "The day of filing a general demurrer to a pleading is a thing of the past in Indiana, and the filing of a memorandum which is as vague and indefinite as the general demurrer avails nothing. We know of no good reason why a party filing a demurrer to a pleading should not be as specific in pointing out the objections to the trial court as is done on appeal." In the light of these authorities we hold that the defects in the complaint which appellant now urges as a basis for its contention that the trial court erred in admitting the evidence and giving the instructions under consideration, have been waived.

It further appears that, when appellee offered evidence tending to show that a duty rested on appellant to use reasonable care to maintain said bell in good working condition, appellant had at least constructive knowledge that it was out of repair on the occasion in question; that appellee knew of the existence of such bell and the purpose for which it was maintained and relied upon the same to give warning of the approach of a train at the time she received her injuries; that appellant, acting consistently with such waiver, made no objections to its admission, based on a claim that such facts were not within the issues tendered by the complaint. The alleged objectionable evidence having been received under these circumstances, and the court having instructed the jury with reference to the act of negligence which it tends to establish, the complaint will be deemed amended to conform to the proof made. *Grand Trunk, etc., R. Co.* v. *Thrift Trust*

*Co.* (1918), 68 Ind. App. 198, 115 N. E. 685, 116 N. E. 756; *Chicago, etc., R. Co.* v. *Barnes* (1918), 68 Ind. App. 354, 119 N. E. 26; *Prudential Ins. Co.* v. *Ritchey* (1919), 188 Ind. 154, 119 N. E. 369, 484. Under these circumstances appellant is not in a position to rightfully complain of the action of the court in admitting the evidence, or in giving the instructions in question. The petition for rehearing is denied.