NEW YORK, CHICAGO & ST. LOUIS RAILROAD CO. *v.* LAUDENSLAGER.

[No. 18,888.  Filed March 27, 1957.]

302

*Batton, Harker & Rauch,* of Marion, *Harker & Irwin,* of Frankfort, *Emerson J. Brunner,* of Shelbyville, and *Clay Marsteller* (of counsel) of Cleveland, Ohio, for appellant.

*Hugh Watson, Locke, Reynolds, Boyd & Weisell,* all of Indianapolis, *Wilbur F. Pell, Jr.* and *Pell & Matchett,* of Shelbyville, for appellee.

COOPER, J.—This is an action to recover for property damage and resulting damage alleged to have been sustained by the appellee, Carl Laudenslager, in a collision between a motor vehicle driven by the appellee's employee and a railroad train operated by the appellant, The New York, Chicago and St. Louis Railroad Company, a corporation, allegedly due to the negligence of the appellant.

The appellee filed a complaint in ten rhetorical paragraphs. The appellant filed a Motion to Strike Out Specific Allegations, which said Motion was overruled by the court. Thereafter, the appellant filed his demurrer to certain clauses of rhetorical paragraph seven of appellee's cause of action based upon purported negligence alleged in the complaint. The trial court overruled the demurrer and the appellant thereafter filed an answer in two paragraphs which included specific denials and alleged contributory negligence of the appellee and the appellee's employee.

The cause was tried by a jury, and, at the close of all the evidence, the appellant filed a Motion for a Directed Verdict. The trial court overruled the appellant's motion for a directed verdict and the jury found for the plaintiff on his complaint in the sum of Three Thousand, Two Hundred ($3,200.00) Dollars. The appellant filed his motion for a new trial, which was overruled by the trial court, and this appeal followed.

Error assigned for reversal is the action of the trial court in overruling the appellant's motion for new trial. The grounds of the appellant's motion for new trial are as follows: (1) The verdict of the jury is not sustained by sufficient evidence; (2) The verdict of the jury is contrary to law; (3) The verdict of the jury is not sustained by sufficient evidence and is contrary to law; (4) The court erred in giving to the jury over objections of the defendant instructions numbered 2, 6, 7, 8, 9, 10 and 11, and each of them, separately and severally, tendered and requested by the plaintiff. Wherefore, the defendant prays for a new trial.

In the appellant's assignment of errors, it is stated that there are manifest errors in the proceedings and judgment for the following reasons:

(1) The court erred in overruling the appellant's motion to strike specific allegations of complaint filed in said cause.

(2) The court erred in overruling appellant's demurrer filed in said cause.

(3) The court erred in overruling appellant's motion for directed verdict filed at the close of all the evidence.

(4) The court erred in overruling appellant's motion for a new trial.

From the record it appears that the accident in question occurred at the intersection of East Thirty-Eighth Street, or State Road No. 67, and the appellant's railroad in Indianapolis, Indiana, on November 2, 1950, at about

11:30 p.m. Thirty-Eighth Street extends east and west, and the appellant's railroad tracks, or right-of-way, extends in a northeasterly and southwesterly direction at an angle of about 65°. The collision involved a tractor-trailer, owned by the appellee in which he was riding, the same being driven by his employee. The tractor-trailer was traveling east on Thirty-Eighth Street, and the steam locomotive and the attached tender were backing in a northeasterly direction with one coal car attached to the front end of the engine.

The appellant contends the trial court erred in overruling its motion to strike out parts of the appellee's complaint. The appellant's motion to strike out affirmatively shows on its face that said motion does not comply with Rule 1-2(a) of the Supreme Court of Indiana. Also, it is a general rule that there can be no reversible error in overruling a motion to strike out parts of any pleading. *Hire* v. *Pinkerton* (1955), 126 Ind. App. 23, 127 N. E. 2d 244, 249; Lowe's Revision of Works', Indiana Practice, §23.30, and authorities cited.

The appellant's second assigned error is that the court erred in overruling the appellant's demurrer filed in said cause. The appellant's demurrer and memorandum read as follows:

"The defendant demurs to the purported causes of action set out in the complaint based upon purported negligence alleged in clauses A, C and H of rhetorical paragraph 7, and demurs to the purported causes of action based upon each of said allegations, separately and severally, for the reason that no one of said purported causes of action states facts sufficient to constitute a cause of action, for the reasons set out in the memorandum hereto attached and made a part hereof.

"MEMORANDUM

"Each of the specifications of negligence referred to in the foregoing demurrer is based upon the

absence of crossing protection in the intersection in question. There is no duty on a railroad company to furnish crossing protection at a crossing in the absence of an ordinance requiring same, and negligence cannot be predicated upon failure to do so." (See cases cited.)

"In rhetorical paragraph 6 plaintiff pleads an ordinance, which refers to "crossings where protection is required, but plaintiff does not plead any ordinance requiring crossing protection at the crossing in question."

Sub-paragraph A of the appellee's complaint alleges:

"Failure to maintain automatic warning signals at a railroad crossing in working condition."

Sub-paragraph C of the appellee's complaint alleges:

"Failure to have operable automatic warning signals at a railroad crossing to warn travelers on said Highway No. 67 of the approach of a train."

Sub-paragraph H of the appellee's complaint alleges:

"Permitting an engine to be run backwards without providing a watchman on the rear end of such engine to warn persons of its approach."

Clauses C and H of rhetorical paragraph 7 were withdrawn from the consideration of the jury by the instructions of the court, and, therefore, no harm has resulted to the appellant in the overruling of its demurrer as to said clauses C and H.

The demurrer as to clause A of rhetorical paragraph 7 of the complaint is upon the sole basis as shown by the memorandum filed with the demurrer, that the appellant was under no duty to "furnish" crossing protection, said clause A as we have before noted does not count upon the appellant's failure to furnish crossing protection, but upon the appellant's failure to "maintain" automatic warning signals at the crossing, in working condition. The law is very clear in

Indiana that once such equipment is installed the appellant has the duty to use due care in seeing that the warning devices operate properly. *Lake Erie, etc., R. Co. v. Howarth* (1919), 73 Ind. App. 454, 480, 481, 124 N. E. 687; *Wabash R. Co. v. McNown* (1912), (T. D. 1913), 53 Ind. App. 116, 99 N. E. 126, 100 N. E. 383; *Gillies, by next friend v. N. Y. C. R. R. Co.* (1954), (T. D. 1954), 124 Ind. App. 382, 116 N. E. 2d 555; Vol. 75, p. 61, §792, C. J. S. Thus, it is apparent that there was no error by the court in overruling said demurrer as to said clause A for the reason that there was no valid grounds advanced by the appellant in the memorandum attached to the demurrer.

The appellant contends that the court erred in overruling its motion for a directed verdict and in refusing to give the jury defendants peremptory instruction number one at the conclusion of all the evidence.

We have said in the case of *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N. E. 2d 200,

"If the facts are in dispute, or if reasonable men may draw a different conclusion from undisputed facts, the question of negligence is one for the jury; but if the facts are not in dispute, or if the facts most favorable to the proponent, together with all reasonable and logical inferences that may be drawn therefrom be assumed as true, and reasonable men could draw only one inference from such assumed facts and inferences, then the question of negligence becomes one of law for the court. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629," and other authorities cited.

"Likewise, the question of proximate cause is generally a question for the jury to determine, but it may become a question of law for the court under the same circumstances that negligence becomes a question of law. *Gamble* v. *Lewis, supra"* and other authorities cited.

"In passing upon a motion for a directed verdict in a negligence action, the court is merely called upon to determine if there is some evidence of negligence

on the part of the defendant which the jury is entitled to consider in deciding that issue, or if the undisputed evidence discloses that plaintiff was guilty of negligence that proximately contributed to his injury or death. *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1939), 216 Ind. 545, 24 N. E. 2d 284."

"On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury would sustain the verdict. *Gamble* v. *Lewis, supra; Butterfield* v. *Trittipo* (1879), 67 Ind. 338, 342; *Indiana Ins. Co.* v. *Handlon, supra.*" (1940), 216 Ind. 442, 24 N. E. 2d 1003.

A concise statement of the pertinent evidence most favorable to the appellee is that the tractor-trailer owned by appellee and driven by his employee proceeded upon a highway known as U. S. No. 67 to the intersection of East Thirty-Eighth Street in Indianapolis, Indiana. At said intersection the tractor-trailer made a left-hand turn and proceeded over a bridge on East Thirty-Eighth Street, in low gear, to the place where the railroad tracks of the appellant intersect East Thirty-Eighth Street. At this intersection the tender of the appellant struck the tractor of the appellee. The collision occurred at approximately 11:30 p.m. on a dark night when the weather was clear; that there was no light on the lead end of the engine; that the bell on the engine was not being rung; that there was no watchman on the rear end of the tender, which, at the time of the collision, was moving towards the tractor-trailer of the appellee; that the engine of the appellant was not observed at any time prior to the collision. In view of this evidence, we cannot say that the trial court erred in refusing to direct a verdict for the appellant. The record before us shows there is a conflict in the evidence. The evidence of the appellant was

that the light operating on the engine was burning brightly, and that the bell on the engine was being rung. Under the record of this cause, the questions of negligence, proximate cause and contributory negligence were questions of fact. These questions were for the jury under proper instructions.

Appellant complains of the giving by the court, over appellant's objections, of appellee's tendered instructions numbered 2, 6, 7, 8, 9, 10 and 11.

In its briefs, appellant groups said instructions for presentation and we will adhere to the groupings as made. In the first group appellant charges error in the giving of said instructions numbered 2, 8 and 9.

By instruction 2 the court told the jury that it was not necessary for appellant to prove all the allegations of negligence set out in the complaint, it being sufficient that he prove, together with the other material allegations of the complaint, any one of the alleged negligent omissions *"not removed from your consideration by other instructions"*. Instruction 8 withdrew from the consideration of the jury that part of the complaint charging appellant with negligent failure to have operable automatic warning signals at the railroad crossing to warn travelers on Highway 67 of the approach of a train; and Instruction 9 withdrew from the jury's consideration the allegation of negligence in the complaint charging appellant with failure to have automatic signal bell operation at the crossing, so constructed that the bell would ring when a train reached a point not less than 1500 feet from the crossing and continuing to ring until the train had passed the crossing.

It develops that some of appellant's objections to said instructions are not argued in its brief and some of the objections argued in its brief are not found in the objections made in the trial court. We, of course, are confined to such part of the objec-

tions made in the trial court as are argued in the brief. Primarily, appellant contends that said instructions are confusing to the jury. We experience difficulty in following appellant's argument in this behalf, but it appears, as we understand it, that appellant urges that these instructions, taken together, would confuse the jury because "it is confusing for them to remember and know what allegations of the complaint are withdrawn and those remaining as allegations of negligence for them to consider, and in such confusion the jury could and might return their verdict on the basis of the alleged negligence in the complaint which has been withdrawn by this instruction". It is evident that such objection is too conjectural and general in scope. It is not a specific objection contemplated by Rule 1-7 and, in our opinion, is not well taken.

Appellant also argues that clause A of rhetorical paragraph 7 of the complaint which charged it with negligence in failing to maintain in working condition automatic warning signals at the railroad crossing, was not a charge of actionable negligence and, therefore, it was error to give said instructions without also withdrawing said clause A from the consideration of the jury. The basis of this contention, as appellant presents it, is that, in the absence of an ordinance or Public Service Commission order, appellant was under no duty to furnish protection at the crossing and, further, that it must be alleged that the failure of the "crossing protection" to operate was known to it or that it failed to repair the signal after knowledge, actual or constructive. The said allegation of negligence does not rest upon appellant's failure to "furnish" the crossing protection but upon its failure to "maintain" in working condition the automatic warning signals installed by appellant.

At first blush, there may appear much merit to appel-

lant's contention. However, upon mature reflection, appellant seems in a similar position as was the appellant in *Lake Erie, etc., R. Co.* v. *Howarth, supra.* There it was alleged that the appellant had failed to maintain the electric bell at the crossing in good working order. Appellant contended that such allegation would not justify the court in admitting evidence and giving instructions with reference to such bell because knowledge by appellant of the alleged defective condition of the bell was an essential element which was not alleged. The court, on page 481, at point 34, admitted that such knowledge was essential and that the complaint failed to allege such fact. However, the court continued, that such defect could be waived by a demurrer failing to specifically point out such defect in the memorandum filed therewith, and proceeded to show that the memorandum of the demurrer of the appellant in that case made no specific reference to the absence of allegations with reference to knowledge on the part of appellant of the defective condition of the bell and thus the said defects in the complaint and the error in giving the instruction were waived.

Applying the stated proposition to the instant case, we refer to appellant's demurrer to appellee's complaint. The said demurrer alleges that said clause A does not state facts sufficient to constitute a cause of action "for the reasons set out in the memorandum" filed therewith. The memorandum states only that there was no duty on the appellant to "furnish" crossing protection at the crossing. The memorandum makes no reference to the failure of the complaint to allege knowledge, actual or constructive, on the part of appellant as to the defective condition of the automatic warning signals, or the absence from the complaint of alleged facts showing failure of appellant to repair after knowledge, actual or constructive. We hold, therefore, upon the aforesaid

authority, that the defects in the complaint upon which appellant now predicates error in the giving of said instructions have been waived by it and cannot be supported upon the asserted basis that said clause A was insufficient to furnish the basis of a cause of action.

The court, by Instruction 6 advised the jury that appellee had a right to presume that any ordinance proved by the evidence regarding the operation of trains within the City of Indianapolis, would be obeyed, and Instruction 7 withdrew from the jury's consideration Section 671 of the ordinances set out in the municipal code of Indianapolis, Codification 1925. Appellant argues that these instructions would confuse the jury. No elaboration of said contention is made in the brief and we are unable to define in what respect appellant thinks the instructions would be confusing to the jury. Appellant also contends that it was improper for the court to instruct the jury on presumptions. However, appellant did not object to said instructions, or either of them, upon any such ground. The contention, therefore, cannot be considered.

Instruction 10 sets forth certain sections of ordinances of the City of Indianapolis and told the jury that if it found that appellant failed to obey any one of such ordinances, such violation would be an act of negligence by appellant. The particular question invoked by appellant concerns a proviso to §677 of the Indianapolis ordinance. Said ordinance provides, in substance, that any person in charge of a steam or electric railroad, who shall run or permit "the same" to be run backwards without providing a watchman on the rear end of such locomotive, to warn persons of its approach, shall, on conviction, be fined, etc. The referred-to proviso reads as follows:

"That this section shall not apply to any locomotive that is not provided with a footboard or other

similar place on the rear end thereof, *suitable for a watchman to stand on."* (Our emphasis).

Appellant argues only that the ordinance proviso provides for a footboard *suitable* for the watchman to stand on and that the evidence was to the effect that the footboard would not be "safe" to stand upon; that therefore it would not be suitable; and authorizing the jury to return a verdict upon such assertion of negligence was error. A reference to the evidence in the record shows that there was testimony to the effect that there was a ladder near the front of the tender and a footboard on the front of the ladder but that each was an "unfavorable place to stand". Under the evidence, it was a jury question as to whether the ladder or the footboard was "suitable" for the watchman to stand on. We perceive no error in the giving of this instruction since there was evidence before the jury to which it was applicable.

Appellant attacks Instruction 11 on the ground that it is "inapplicable both to the pleadings and the evidence". Said Instruction told the jury that if it found that appellant had installed automatic signals at the crossing and that it failed to use reasonable care to maintain the signals in such manner as to give warning to the appellee of an approaching train engine, the appellant was negligent and it makes no difference whether the appellant was required to install the signals in the first instance. Appellant's argument is that the word "maintain" means "repair" and a railroad company is under no duty to repair, unless it has knowledge, actual or constructive, that the appliance is defective. Apparently, the instruction bore reference to the negligence charged in clause A of rhetorical paragraph 7 of the complaint, which we have already discussed. What we said and the conclusion we arrived at with reference to appellant's objections to Instructions 2, 8 and 9 are

applicable, we think, to appellant's present contention and are decisive thereof. We further again refer to the holding in the case of *Lake Erie, etc., R. Co.* v. *Howarth, supra,* at point 33 on page 481. See also *Wabash R. Co.* v. *McNown, supra,* at point 3, page 125.

Finding no reversible error, judgment affirmed.

NOTE.—Reported in 141 N. E. 2d 355.