## SCHILLINGER ET AL. *v.* SAVAGE.

[No. 22,810.  Filed March 16, 1917.]

1. PHYSICIANS AND SURGEONS.—*Malpractice.—Complaint.—Sufficiency.*—In an action against physicians and surgeons, where the complaint alleged that defendants were actively engaged in the general practice of medicine and surgery, that they endeavored to treat and to reduce a fracture of plaintiff's femur, but did so unskilfully and omitted to do things they should have done, and that, solely on account of their negligence, carelessness, unskilfulness, and the unprofessional and improper method of treatment used, the bone was caused to grow and become crooked, deformed and weak, such complaint sufficiently charges that the alleged negligence was the proximate cause of the injury complained of and that defendants were employed by plaintiff, even though there was no express allegation to that effect.  p. 190.

2. PHYSICIANS AND SURGEONS.—*Degree of Skill Required.*—Where surgeons undertook to treat a fracture of plaintiff's femur in the manner employed by skilled surgeons, and plaintiff, reposing full faith and confidence in them and fully relying on their knowledge and skill, followed their advice and directions, a relationship came into existence which imposed upon the surgeons a duty to exercise the average degree of skill possessed and exercised in like cases by members of their profession practicing in similar localities, and from such relationship grew an obligation in favor of the patient if injured by a failure to exercise such degree of skill and care.  p. 191.

3. APPEAL.—*Review.—Evidence.—Verdict.—Weighing Conflicting Evidence.*—The court on appeal cannot weigh conflicting evidence, and a jury's verdict will not be disturbed where there is some evidence to sustain it.  p. 192.

4. PHYSICIANS AND SURGEONS.—*Action for Malpractice.—Instructions.—Province of Jury.—Presumptions.*—In an action against physicians and surgeons for malpractice, the trial court properly refused to instruct the jury that defendants were presumed to have exercised reasonable care and skill in setting and treating plaintiff's fractured femur, as it is the province of the jury to draw presumptions of fact from the evidence or from a given state of facts and it would be error to instruct the jury as to what inferences it should draw.  p. 193.

From Wayne Circuit Court; *Henry C. Fox,* Judge.

Action by Earl A. Savage against Richard Schillinger and another. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Robbins & Robbins* and *Thomas J. Study*, for appellants.

*William A. Bond* and *Freeman & Freeman*, for appellee.

ERWIN, J.—Appellee brought this action against appellants Richard Schillinger and Charles Marvel to recover damages alleged to have resulted from their negligence, carelessness and unskilfulness as physicians and surgeons, in setting, adjusting and treating a fracture of appellee's left femur. Trial was had by jury, resulting in a verdict and judgment in favor of appellee for $2,000, from which this appeal is prosecuted.

Appellants assign as errors herein: (1) The overruling of their demurrer to the complaint; (2) that the complaint does not state facts sufficient to constitute a cause of action; and (3) the overruling of their motion for new trial. It is contended by appellants that the complaint does not show that the negligence charged against them is the proximate cause of appellee's alleged injury; that no allegation is made showing that the alleged negligence was the result of the violation of any duty owing by appellants to appellee and that appellants were employed by appellee to treat this fracture.

Upon the points suggested by appellants the complaint, in substance, alleges that appellants were practicing physicians and surgeons, "actively engaged in the practice of such profession"; that they "held themselves out to the public as practicing physicians and surgeons"; that they as "physicians and surgeons, working together, endeavored to

reduce said fracture and entered upon the work of setting and adjusting said broken bone, and of treating and caring for the same, in all things as skilled and competent physicians should do"; that appellants unskilfully did what they undertook to do, and omitted to do things they should have done as skilful physicians and surgeons; and that solely on account of their negligence, carelessness and unskilfulness, and of their unprofessional and improper manner and method used, the bone was caused to grow and to become crooked, deformed and weak. Thus the complaint charges that the alleged carelessness was the proximate cause of the injury complained of.

The complaint does not expressly allege the employment of appellants by appellee, but it does contain the allegations above referred to, which, taken as a whole, state that appellants, under the circumstances stated, undertook to treat appellee's injury as skilful and competent physicians and surgeons should do; that appellee reposed full faith and confidence in them as physicians and surgeons, and fully relied upon the knowledge and skill which they possessed, or should have possessed as such physicians and surgeons, and fully, carefully and explicitly carried out and performed those acts and things which they counselled, instructed and advised him to do. Thus a relationship came into existence between appellants and appellee, which imposed upon the former the duty to exercise the average degree of skill possessed and exercised in like cases by members of their profession practicing in similar localities; and out of such relationship grows an obligation in favor of the patient, if injured by a failure to exercise said degree of skill and care. *Adolay* v. *Miller* (1915), 60 Ind. App. 656, 659, 111 N. E. 313; *Longfellow* v. *Vernon* (1914), 57 Ind.

App. 611, 105 N. E. 178. The complaint is not defective in the particulars contended for and there was no error in overruling the demurrer.

Under the motion for new trial it is contended that: (1) The verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law; and (3) the court erred in giving and refusing to give certain designated instructions. Appellants contend under the first and second causes for new trial that there was no evidence whatever, offered or heard, of skill or knowledge on the part of appellants, but that all the evidence heard related to the alleged failure of appellants to exercise the degree of skill and knowledge which they should exercise under the circumstances.

The record shows evidence tending to support the cause of action alleged. It is also true that a considerable amount of the evidence tends to support the contention of the defendants, but there is, however, a strong conflict in the evidence, and these matters were submitted to, and passed upon, by the jury. This court cannot weigh the conflicting evidence, and, as there is some evidence to sustain the verdict, appellants' contention must fail. *Indianapolis Traction, etc., Co.* v. *Miller* (1912), 179 Ind. 182, 184, 100 N. E. 449. The verdict is in accordance with the principles of law which should govern the cause as applied to the facts which the jury was called upon to try, unless the court in its instructions misdirected the jury, or failed to direct the jury, as to such principles of law.

Appellants under their points and authorities contend that the court erred in refusing to instruct the jury that under the law the appellants were presumed to have used and exercised reasonable care and skill in setting and treating appellee's fracture.

It is the province of the jury to draw presumptions of fact from the evidence or from a given state of facts,

and it is error for the court to instruct it as to 4. what inferences they shall draw, and the question of whether appellants exercised reasonable care and skill in treating appellee's fracture was properly left to the jury. *City of Columbus* v. *Strassner* (1894), 138 Ind. 301, 303, 34 N. E. 5, 37 N. E. 719; *Abbitt* v. *Lake Erie, etc., R. Co.* (1898), 150 Ind. 498, 518, 50 N. E. 729; *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516, 79 N. E. 499; *Kingan & Co.* v. *King* (1912), 179 Ind. 285, 289, 100 N. E. 1044. Appellee's entire case is founded upon the negligence of appellant in failing to exercise reasonable care and skill in reducing and setting the fractured femur of appellee's left limb. This appellee was bound by instructions given by the court to prove by a preponderance of the evidence or his cause should fail. We find no reversible error presented either in the instructions given by the court, or in the refusal of the court to give appellants' tendered instructions.

There being no reversible error; the judgment is affirmed.

NOTE.—Reported in 115 N. E. 321. Physicians and surgeons: (a) degree of care required, 37 L. R. A. 830, L. R. A. 1915 C 595, 14 Ann. Cas. 605; (b) actions against, burden of proof as to want of skill, 93 Am. St. 663. See under (1) 30 Cyc 1583; (4) 30 Cyc 1588, 1589.