GARY HEAT, LIGHT & WATER COMPANY *v.* LUCAS.

[No. 15,364. Filed April 13, 1937. Rehearing withdrawn September 20, 1937.]

*Hodges, Ridgely & Davis,* and *Daly & Freund,* for appellant.

*Harry P. Sharavsky,* and *Bruce Loring,* for appellee.

DUDINE, J.—This is an appeal from a judgment in an action for slander instituted by appellee against appellant.

Appellee filed two paragraphs of complaint, which alleged that an agent of appellant, while in the course of his employment, to wit, inspecting the electric meter which measured the current used in appellee's home, and in the presence of others, accused her of stealing electricity. It is not necessary that we distinguish the two paragraphs of complaint.

Appellant filed an answer in general denial and an answer alleging that "at the time and place when and where the slanderous words were spoken . . . and during the same conversation . . . (its) employee admitted (his) error in discovering defects in the electric wiring and apologized to the plaintiff."

The cause was submitted to a jury for trial, and the jury returned a verdict in favor of appellee in the sum of $2,000.00. Judgment was rendered on the verdict, and a motion for new trial filed by appellant was overruled, which latter ruling of the court is the sole error assigned on appeal.

Of the causes for new trial set forth in said motion, appellant urges and discusses the following in its brief, to wit, (1) claimed error in giving instruction number twenty-eight to the jury, (2) claimed error in permitting plaintiff as part of her case to prove her general reputation before and after the alleged slander, no justification of the slanderous words having been pleaded and no evidence of such justification having been introduced.

With reference to the alleged error in giving instruction number twenty-eight appellant, under "points and authorities," indicates which part of the instruction it claims to be objectionable, but does not state any reasons *why* it is objectionable. Appel-

lant does say, "This instruction influenced the verdict and amount of damages," but that certainly is no reason for a reversal of the judgment. This court will not search for reasons for disapproving instructions.

The court did admit evidence of appellee's reputation for honesty before and after the slander, in her case in chief, and no evidence was offered in justification of the slanderous language, which it was shown by the evidence, was uttered by appellant's agent. Appellant objected to such evidence, particularly as testified by one Charles Kadar, and reserved an exception to the court's ruling. We think the admission of said evidence was improper.

The case of *Haun* v. *Wilson* (1867), 28 Ind. 296, was an action for slander in charging the plaintiff with larceny. Our Supreme Court said in that case (p. 301):

> "After the evidence on the part of the defense was closed, the plaintiff offered to read in evidence the depositions of several witnesses, taken and filed by him, for the purpose of sustaining his general good character, but the defendant objected, and the court sustained the objection. This ruling is also complained of.
>
> "The plaintiff's character was not put in issue either by the pleadings or the evidence. There was no answer alleging the truth of the charge in justification, and no evidence was offered or given to the jury impeaching the plaintiff's character. The evidence offered was improper, and the court did right in rejecting it."

That holding has not been unfavorably criticized or reversed by the courts of appeal of this state. It is controlling here. See also *Gebhart* v. *Burkett* (1877), 57 Ind. 378; Sec. 667 Jones on Evidence.

The character evidence introduced in the instant case showed that plaintiff's reputation for honesty was good

before the slander and bad after the slander. We can not say as a matter of law that that evidence was harmless. It might have influenced the jury in its determination as to the amount of their verdict. The record does not show that the jury was not influenced by such evidence.

We hold that the admission of said evidence constituted reversible error, and that therefore appellant's motion for new trial should have been sustained.

Judgment reversed with instructions that further proceedings be in harmony with this opinion.