STAFFORD ET AL. *v.* SEARFOSS, EXECUTOR ETC.

[No. 19,311. Filed November 21, 1960.]

*Grimm & Grimm* and *Howard S. Grimm, Jr.,* of Auburn, for appellants.

*Hugh G. Sanders* and *Edgar W. Atkinson,* both of Auburn, for appellees.

KELLY, J.—Appellee, as Executor of the will of Benjamin L. Bailey, filed his Final Report and Petition for authority to make distribution of the estate of said decedent and for determination of persons entitled to distribution. Appellee's final report described certain real estate belonging to decedent and then stated: ". . . the title to which, in the opinion of your executor is now vested in Lyston Searfoss pursuant to the terms of the will of said decedent." Appellant, Winnie Poper, filed objections thereto and the proposed distribution set forth therein. The issues were tried to the court which approved the final report and found that distribution should be made as scheduled by the report, except as to one bequest not of importance here, and that said real estate is vested in Lyston Searfoss absolutely and in fee simple. Appellants' motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law was overruled.

Appellants' original brief, the "Argument" portion thereof, is somewhat indefinite. They say: "the decision is contrary to law because of lack of evidence. . . . these two causes are here grouped and supported by one argument." Then follows Point 1 in which a "chronological chart" is given and appellants' state-

ment as to what certain witnesses testified to. Point 2 states that the burden of proof is on the executor to "prove to the satisfaction of the court that the account is correct" and three cases are cited in support of that statement. It is then said that "in the opinion of appellants," the court shifted the burden to appellants and that the evidence, except that arising from an inference, did not support the judgment of the court that appellee had performed and carried out the provisions of the testator's will and codicil under which appellee took title to the real estate devised to him. No cases or authorities are given or referred to.

Under Point 3, appellants say the decision of the court is contrary to law in that the testator's will gave the real estate to appellee and his wife, Muriel Searfoss, on condition that appellee and said Muriel Searfoss provided testator with proper care for the remainder of his life; that Muriel Searfoss predeceased the testator and, therefore, the condition became impossible of performance and the "bequest" lapsed since the will did not provide that the conditions could be performed by "only one of the devisees." The gravity and legal depth of appellants' said contention is readily discernible, yet the only effort exerted by appellants in supplying authority is that: "Appellants believe that their position is supported by the discussion and cases contained in American Jurisprudence, Vol. 57, §1425, page 956." Nothing further is said by appellants under this Point 3. No attempted application of the statutory or case law to the particular facts established by the evidence is made. We are left to work out appellants' case for them. The treatise referred to is general in terms and, in several material respects, is not favorable to appellants' contention.

Finally, as their Point 4, appellants say that under

the circumstances "as are disclosed here, the executor is chargeable with the reasonable rental value of the decedent's real estate. The appellants take this position for the reason that since the devise is conditional only, there can be no such absolute estate as would entitle the appellee to retroactively claim the rents and profits. *If* it be true that the devisees under a will become vested with title *only by decree of the probate court*, then they certainly are not entitled to the reasonable rents and profits of the real estate when the same are definitely ascertainable, as in this case, until title has been vested in them by the *court's decree.*" (Emphasis supplied.) No statute nor authority is referred to or cited. No application of the statutory or case law to the established facts is made. The foregoing is the complete argument advanced by appellants under Point 4.

In further elaboration:

Appellants' said Point 1 refers only to evidence that was in conflict and, therefore, furnishes no point for decision since it is not our prerogative to weigh the evidence.

Appellants' said Point 2 urges that the finding of the court that appellee had carried out and performed the provisions of the will to the satisfaction of the testator "is not in any way supported by the evidence for the only evidence to the effect that the testator was satisfied could only arise as an inference from the fact that he did not . . . change the will and codicil, making different disposition of his real estate." However, Minnie Grosscup, a witness for appellee, testified, as stated by appellants' brief, that the decedent said that he "was willing it (the real estate) to him (appellee) and that he wanted it to go to him and that he (appellee) had helped him (decedent) and he wanted

him (appellee) to have it." From this, and other evidence given at the trial, including the fact mentioned by appellant, we think the court could properly and reasonably infer that the decedent was satisfied with the service and care rendered by appellee. Although appellants do not set forth in their argument the applicable provisions of decedent's will, yet our reference thereto does not disclose any provision therein making the satisfaction of the decedent with the services rendered by appellee, a condition precedent to the devise or a limitation thereof.

As stated above, Point 3 of appellants' argument cites no authority except a general reference to a given section in 57 Am. Jur., page 956, which is unapplied to the established facts in the case. As also stated, no statute or other authority is cited or referred to in Point 4 of appellants' argument.

Rule 2-17(e) of the Rules of the Supreme Court provides, in part:

> ". . . After each . . . cause for a new trial relied .upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and law being presented, and how they are applicable, citing the authorities and statutes relied upon, and *setting out verbatim* the relevant parts of such statutes as are deemed to have an important bearing. . . ."

In *Stanley* v. *Gieseking et al.* (1952), 230 Ind. 690, on page 694, 105 N. E. 2d 171, it is laid down that contended for errors by appellant, unsupported by citation of authority, are waived under Rule 2-17(e). See, also, *White* v. *State of Indiana* (1958), 238 Ind. 498, 501, 502, point 3, 152 N. E. 2d 894; *Greenwood* v. *City of Washington* (1952), 230 Ind. 375, 381, 102 N. E. 2d 642; *Gamble et al.* v. *Lewis* (1949), 227 Ind. 455, 459, 460, 85 N. E. 2d 629. As-

serted grounds of error must be supported by *cogent argument* and it is encumbent upon appellant to affirmatively show harmful error by argument and *citation of authorities. Wright* v. *State of Indiana* (1958), 237 Ind. 593, 595, 147 N. E. 2d 551; *Ecker* v. *Fuchs* (1959), 129 Ind. App. 555, 159 N. E. 2d 134.

Appellants have failed to bear their burden of affirmatively showing harmful error by cogent argument and citation of authorities and the judgment must be affirmed.

Judgment affirmed.

Bierly, C. J., Gonas and Smith, JJ., concur.

NOTE.—Reported in 170 N. E. 2d 252.