CITY OF SHELBYVILLE *v*. MORTON, ETC.

[No. 19,866. Filed July 7, 1965. Rehearing denied August 5, 1965. Transfer denied March 14, 1966.]

*Branigin & DeMoss*, of Franklin, and *Donald L. Brunner* and *Brunner, Brown & Brunner*, of Shelbyville, for appellant.

*H. Harold Soshnick* of *Soshnick & Brenton*, of Shelbyville, and *Pogue & Young*, of Franklin, for appellee.

MOTE, J.—This action was duly commenced by the appellee, Gary Paul Morton, a minor, eleven years of age, by his next friend, against the appellant city, seeking to recover damages for alleged personal injuries allegedly sustained as a proximate result of the negligence of appellant.

In material pertinent substance, appellee's complaint alleged: that East Hendricks Street was a public highway of blacktop and asphalt construction located in and maintained by the appellant city and heavily traveled by the public generally; that appellee and many others inhabited and lived in a trailer park on the south side of said street; that there was a private drive leading from said highway to and into said trailer park; that between the hours of five and six o'clock P.M. on May 29, 1959, appellee was attempting to walk across said street to the north side thereof from said en-

trance and while so doing and as a direct and proximate result of appellant's alleged negligence, he stepped into a deep, jagged hole or rut on the traveled portion of said highway; that said hole or rut had existed in said street for a long period of time to the knowledge of the officers and officials of appellant city; that as a proximate result of appellant's alleged negligence, appellee sustained certain described personal injuries and a consequent crippled and disabled physical condition; that appellee gave appellant written notice of the time, place, cause, and nature of his alleged injuries.

The complaint charged appellant with negligence in permitting and allowing said highway to become out of repair and unsafe for use; in permitting said deep and jagged hole to exist and remain deeper and lower than the general level of the street and thereby creating a hazardous depression for pedestrians; in permitting said condition of the highway to continue for more than one year prior to appellee's fall and injuries, with actual notice and knowledge of said unsafe condition of said highway for many months prior to appellee's fall; and in failing to warn pedestrians of the existence of said hole or rut and failing to block off or barricade the same.

Appellant's answer in admission and denial closed the issues which were submitted to a jury for trial. The latter returned a verdict that appellee recover of appellant the sum of Thirty Thousand ($30,000.00) Dollars and consistent judgment was rendered on the verdict. Appellant's motion for a new trial was overruled and this appeal followed.

Appellant assigns as error the overruling of its motion for new trial and eight other assignments which it will be unnecessary to notice as any proper specifications of error are contained in the new trial motion.

The first specification of error urged by appellant is the asserted error of the court in overruling two motions for

continuance allegedly filed by appellant on, respectively, March 2, 1962, and March 7, 1962. We do not find copies of the referred to motions in appellant's concise statement of the record. See Rule 2-17(d). Attached to appellant's motion for a new trial are Exhibits A and B, the former bearing the title of "Affidavit for Continuance" and the latter the title of "Motion for Continuance." There is a purported file date on each. However, there is nothing in appellant's brief to show that said exhibits constitute a part of the record in this cause. Rule 1-15 of the Rules of the Supreme Court of Indiana has reference to affidavits in support of motions for a new trial, not to the original pleadings or motions filed during the progress of a trial. As has been many times determined, we may not search the record to reverse. It may be appropriate, however, to observe that the exhibits attached to the motion for a new trial, designated as motions for a continuance, lack much in factual statement as to the diligence of appellant in procuring the attendance of the named witness at the forthcoming trial, or in taking his deposition, or that his testimony was imperative, and they are wholly insufficient to warrant a finding of abuse of judicial discretion by the trial court in the denial thereof.

Appellant next offers, jointly, three specifications of error, namely: (c) overruling by the court of appellant's offer to introduce evidence of its public liability insurance policy with Ten Thousand ($10,000.00) Dollars to a single person limitation of liability for bodily injury, which offer was made after verdict and discharge of jury but before entry of judgment; (d) entering judgment for Thirty Thousand ($30,000.00) Dollars after refusal to hear the evidence referred to in (c) above; (e) overruling by the court of appellant's motion to modify the judgment by reducing the same to Ten Thousand ($10,000.00) Dollars. This cause was submitted for trial on March 7, 1962, and on March 19th, 1962, some eleven or twelve days after the return of the verdict by the jury, appellant filed its "offer to introduce

certain evidence," attaching thereto, as Exhibit B, a copy of a liability insurance policy providing maximum liability of Ten Thousand ($10,000.00) Dollars to any one person, which appellant alleged it had purchased on January 1, 1959, pursuant to the provisions of Acts 1941, ch. 52, Sec. 2, Burns' 1952 Replacement, § 39-1819. On April 2, 1962, the court refused appellant's offer to introduce said evidence and entered judgment on the verdict. The record discloses no objection by appellant to the entry of the judgment. Thereafter, on April 3, 1962, appellant moved the court to modify and correct said judgment by reducing the same to Ten Thousand ($10,000.00) Dollars for the reason that the maximum amount of liability insurance carried by appellant on the date of the accident, May 29, 1959, was Ten Thousand ($10,000.00) Dollars and "which, therefore, was the maximum amount for which judgment could be rendered against said city in this cause of action." No issue of the insurance carriage by appellant nor evidence relating thereto was tendered or offered at or during the trial of the cause. The first mention of it appears to have been made, as stated above, at least eleven days after the verdict and discharge of the jury.

In *City of Terre Haute* v. *Deckard* (1962), 243 Ind. 289, 183 N. E. 2d 815, the appellant city, after the verdict against it by the jury, filed a motion for remittitur in mitigation of the Thirty Thousand ($30,000.00) Dollar judgment to Ten Thousand ($10,000.00) Dollars on the ground of a liability insurance policy carried by the city. The motion was overruled. There, as here, the asserted error was specified in the motion for a new trial which was overruled by the court. The Supreme Court, in a three to two decision in that case, held that:

"The issue of carrying of liability insurance, if appellant desired to take advantage of it, *should have been offered by appellant on the trial of the case,* and by failing to do so appellant waived such defense or partial defense." (Emphasis supplied.)

The court further declared:

> "*Any effort* to raise this defense long after the trial of the case was improper and *invaded appellee's right to have this issue of his case submitted to the jury, contrary to Art. 1, § 20, supra, of the Indiana Constitution.*" (Emphasis supplied.)

There was a dissent by two of the judges in that case, but we are bound by the majority opinion as a leading and controlling precedent.

In the instant appeal, as in the aforementioned *Deckard* case, the appellant stresses the argument that for appellant "to directly plead and prove insurance would have been handing (to the) jury (a) blank check in the amount of $10,000.00, to be made out in favor of (the) minor plaintiff when no liability in fact existed." Concerning this claimed inexpediency, the Supreme Court, in the above mentioned *Deckard* case, said:

> "However, evidence material to the establishment of a cause of action or defense cannot be considered improper or inadmissible simply because it is prejudicial. . . ."

While serious questions may be urged as to the applicability of the provisions of Acts 1941, ch. 52, Sec. 2, Burns' 1952 Replacement, § 39-1819, to the factual situation here made apparent,[1] we are relieved of any expression relative thereto by the failure of appellant to offer evidence of its insurance on the trial of the cause. Under the ruling found in the *City of Terre Haute* v. *Deckard, supra,* we find no error in the court in its refusal to admit appellant's belated tender of such evidence or to modify the judgment appealed from. Other suggested im-

---

1. We think it should be further noted here that if this section is to be given the interpretation implied as to the limitation of liability of a municipality for the negligent acts of its servants and employees, thus again to create partial immunity, such servants and employees, if made parties to the action, may be required, not only to defend, but to pay, any damages claimed or awarded, as the case may be, in excess of such limitation.

propriety of appellant's motion to modify the judgment need not be further noticed.

Appellant next says that it "believes that use of the blackboard in opening statement by plaintiff's attorney in calling the jury's attention to the amount of damages and life expectancy of the minor plaintiff in an argumentative way" was manifest error. In its motion for a new trial appellant specifies the error as "Misconduct of the prevailing party in this, to-wit: blackboard by plaintiff's attorney in calling Jury's attention to amount of damages and life expectancy of minor plaintiff in opening statement . . ." Then follows an objection made by counsel for appellant:

"... defendant, during argument objects to the use of the blackboard by . . . attorney for the plaintiff . . . which blackboard at the time of objection, shows the following figures '$150,000.00, 59.55 2,500 plus year, $50.00-year' for the reason that said exhibit is prejudicial to the defendant."

The objection was overruled by the court. The appellant then again made practically the same objection with the conclusion that appellant "asks for a mis-trial in this cause." This objection was also overruled. The foregoing is all that appears in the motion for a new trial relative to the matter.

In argument, appellant presents no reference to any part of the record showing how or in what way the blackboard was used in an argumentative manner nor how, when, under what conditions, or by whom the figures were placed on the blackboard, or the significance and meaning thereof. See fourth sentence in Rule 2-17(d). Nor does appellant quote, summarize, refer to, or give record citation to any oral statements or argument claimed to have been made by appellee's counsel with reference to the use of the blackboard or the figures appearing thereon. We find no special bill of exceptions in the record setting forth all or any part of any objected to opening statement by counsel for appellee. The whole argument in the brief consists of

one typewritten page of conclusions unsupported by any record references. Neither does it appear that the court was requested by appellant to require the attorney to desist from any so-called offending remarks or statements and that the court admonish the jury to disregard the same. *(Lawson v. Cole* (1953), 124 Ind. App. 89, 115 N. E. 2d 134, Points 1, 2; *Lake Erie, etc. R. Co. v. Howarth* (1919), 73 Ind. App. 454, Point 22, 124 N. E. 687, 693.) It is incumbent upon appellant affirmatively to show harmful error by cogent argument and substantial compliance with the Rules, and causes for a new trial not so treated are deemed to be waived. See Rule 2-17(d), (e), (f) ; *Stafford et al. v. Searfoss, Executor, etc.* (1960), 131 Ind. App. 274, Point 4, 170 N. E. 2d 252; 4 Ind. D., Appeal and Error, Secs. 756, 761, and 5 Ind. D., Appeal and Error, Secs. 1078(1), 1078(4).

Specification 2(b) of appellant's motion for new trial is urged as next in order. Said Specification 2(b) involves somewhat the same matter as Specification 3 of the new trial motion and the two specifications will be considered together. These two specifications consume some six and one-half typewritten pages of appellant's brief and to here recite the same in full would unnecessarily burden this opinion.

It appears by Specification 2(b) that appellant charges misconduct on the part of appellee's counsel during the final argument to the jury, in that, appellant asserts said attorney made reference to the failure of appellant "to produce Roscoe Bullard, Street Commissioner" of appellant "after the overruling of defendant's motions for continuance, based on the absence of the said Bullard, and after plaintiff had agreed to stipulate the evidence which would be given by the said Bullard if personally present." Specification 3 asserts that appellant, by accident and surprise, which ordinary prudence could not have foreseen and guarded against, was prevented from having a fair trial, in this, that appellant was unprepared for the trial "as pointed out in defendant's motions for continuance filed on March 2, 1962 and . . . on

March 7, 1962" and appellant was surprised by the reference in the final argument of appellee's counsel to appellant's failure to produce the said Roscoe Bullard as a witness.

In its motion for a new trial appellant quotes some portions of the asserted final argument of appellee's counsel, sets forth the motions and objections made by appellant, and the rulings of the court. We summarize the same in substance and in consecutive order. In final argument appellee's attorney allegedly said, in pertinent part: "the street department kept a record of the work that they did daily. Where are the missing daily records of the street department? Why did no one from the street department testify or why was it not stated that someone from the street department would testify that the record would show—" At this point appellant's counsel said that he "would like to move for a mis-trial of this cause . . . and ask that the submission be set aside and that the jury be discharged." The court overruled the motion and counsel continued: "For misconduct of counsel after a request for continuance . . . on two occasions. . . . Both of which were overruled by the Court." The court again overruled the motion and "objection."

Counsel for appellee assertedly continued: "Where are the street department records, that would bear mute testimony, that this street was repaired during the Spring of '59, as the City Engineer insists it was? I know what happened. You know what happened. They just let the holes accumulate there. Fairness. Spirit of fairness. And this little boy got hurt." Appellant's counsel interjected: "We'd like to interpose the further objection of misconduct of counsel. . . . and we'd like the record to show that at this time, we ask a mistrial be declared on the grounds of mis-conduct of counsel, that the submission be set aside, and that the jury be discharged on that grounds." Overruled by the court.

According to the new trial motion, counsel for appellee continued to present his argument as to the negligence of appellant, referred to some of the court's intended instructions

and certain testimony of physicians, and concluded: "There's only one question left in this lawsuit. . . . It's how much? And I want to say to you . . . that irrespective of what your verdict in this case shall be —" At this point (being the end of the argument as set forth in the motion for a new trial) appellant's counsel said: ". . . at this time before the plaintiff concludes his final argument. The City . . . would again like to move for a, that the submission be set-aside, and for a mis-trial, for mis-conduct of counsel in connection with an affidavit for continuance filed on March 7, 1962, [quoting from paragraph 8 of the referred to affidavit to the effect that appellant has been unable to prepare for its defense and it would be unfair to the taxpayers for the court to order the matter to proceed.]" This motion was overruled by the court. (The words in brackets are ours for clarity.)

 . After the close of the final argument, appellant moved the court to admonish the jury to disregard "certain inflammatory and prejudicial statements" by appellee's counsel in argument "which were calculated to arouse the passions and prejudices of the Jury by presenting to them conditions extrenious to the evidence. That said remarks were an appeal attempting to in*sight* prejudice against a corporate party. That said improper argument was appealing to prejudice against corporations. . . ."

The court overruled the motion. Then appellant persisted that it "objects to the misconducts on the behalf of Plaintiff's counsel . . . and asks for the said reasons . . . that the submission be set aside and . . . the jury be discharged." By the court: "Motion overruled." Appellant further persisted by again moving to set aside the submission and to discharge the jury "because of the misconduct of counsel . . . calculated to arouse passions and prejudices of the jury . . . which matter in*sighted* prejudice against the corporate body" of appellant and no admonition by the court "can un*due* such prejudice . . ." This motion was overruled.

We have been unable to perceive and appellant has not

pointed out to us, by special bill of exceptions or otherwise, what remarks of appellee's counsel in the final argument were inflammatory, prejudicial, and calculated to arouse the passions of the jury. There appears nothing in the final argument, as quoted and referred to by appellant, which makes reference to the failure of appellant "to produce Roscoe Bullard, Street Commissioner" as a witness. Counsel, in the argument, inquired as to "Where are the missing daily records of the Street Department," and "Why did no one from the Street Department testify." There is evidence in the record tending to show that records pertaining to street repairs were in existence. There is evidence, also, tending to establish that Roscoe Bullard was not the street commissioner on May 29, 1959, the day appellee was injured; that he was then a foreman in the department. There is no evidence referred to by counsel that said Bullard was, at the time of the trial, the keeper or in charge of appellant's records or that he was the only person employed in the Street Department. The deposition of one Kenneth L. Bowman, Jr., allegedly the city engineer and street commissioner on the day of appellee's accident, was put in evidence and he stated therein that, "Yes, the street department kept a record of the work that they did daily . . . but there were no records showing that that particular spot was any worse than any other. . . ." In the sequence of the record it appears that the remark of appellee's counsel in final argument concerning the missing daily records bore reference to the aforesaid statement of Bowman in his deposition.

None of appellant's aforesaid various motions and objections pointed out to the court what "misconduct of counsel" and what "inflammatory and prejudicial statements" of appellee's counsel were deemed improper or prejudicial. In two of the motions counsel for appellant stated that the inflammatory and prejudicial statements of appellee's counsel, calculated to arouse the passions and prejudices of the jury, were "by presenting to them (jury)

conditions extraneous to the evidence." What the referred to "conditions" extraneous to the evidence were was not specified or pointed out to the court, nor does appellant specify or point them out in its argument. For all that was contained in the appellant's motion and objections, it would have been necessary for the trial court then, and this Court now, to speculate and conjecture as to appellant's undisclosed basis therefor.

Appellant advances a contention to the effect that it had filed before the trial an affidavit for continuance in which, appellant says, it was pointed out that Roscoe Bullard was the only present employee of the appellant's Street Department or any other department with any knowledge "of this actual matter;" that appellee "agreed to the contents of said affidavit" and, for that reason, the court did not grant the motion, citing Burns' 1946 Replacement, § 2-1301. Upon this contention, appellant predicates its proposal that "To allow plaintiff's counsel to use this lack of evidence as both a sword and a shield" was prejudicial to the city. This proposal of appellant carries with it the implication that appellee agreed that the facts stated in the continuance affidavit to which Roscoe Bullard would testify if present as a witness, were true. However, the record discloses the following:

> "Plaintiff consents that if the witness Roscoe Bullard were present in court at the trial of this cause either in person or in deposition *that he will testify to the material and competent facts set out in defendant's affidavit for continuance,* but plaintiff does not waive the right to object to any incompetent or immaterial matters set out in said affidavit . . ." (Emphasis supplied.)

The consent, therefore, as shown by the record, was that Bullard would testify, if present, or by deposition, to the material and competent facts set forth in the affidavit for continuance. It was not a consent or agreement by appellee that such facts would be taken as true. The affidavit for continuance does not appear to have been offered or received in

evidence. In appellant's condensed recital of the evidence there appears a statement as to what facts the said Bullard would testify as true. The statement was made in open court, but the maker thereof is not disclosed. However, it may be assumed, we think, that it was made by appellant's counsel. According to the said statement, Bullard would have testified that he was appellant's street commissioner at the time of appellee's accident; that no complaint was made to him about a hole in East Hendricks Street in appellant city, at or near the place where appellee was injured; that he made periodic inspections of the streets in appellant city, including East Hendricks Street, and saw no such hole as mentioned and described in appellee's complaint; and that the last inspection was made at almost the exact time mentioned as the time of injury in appellee's complaint.

We find nothing in said statement to support appellant's assertion, above mentioned, that Bullard was "the only present employee" of appellant's street department, or any other department, with any knowledge "of this actual matter." Appellant does not indicate or point out, nor do we find any statement, reference, or denial in the final argument of appellee's counsel as to Bullard or any of the alleged facts to which he would have testified. Although there is evidence tending to show that Bullard was not the Street Commissioner of appellant city at the time of the accident, no reference was made in appellee's final argument to Bullard's proposed testimony to the contrary.

Notwithstanding our firm conviction that appellant has failed to establish by the record any misconduct or inflammatory statements by appellee's counsel in final argument, we think it proper, also, to observe that appellant failed to follow the procedure required in order to preserve and present for review on appeal any question as to the asserted misconduct of counsel. To make available on appeal objections to the conduct of counsel in argument, the grounds of the objection must be *specifically stated. Coble* v. *Eltzroth*

(1890), 125 Ind. 429, 25 N. E. 544. The *objectionable language or argument* must be promptly objected to and the court be requested to counteract any harmful effect of such language or argument by proper instruction in that regard, and, if such instruction be granted, and it be not sufficient to cure the error, follow such action by a motion to set aside the submission; or, the objectionable language or argument may be promptly objected to and a motion made to set aside the submission, stating reasons why the harm done could not be cured by any action the court might take in the matter. *Ramseyer, Exr.,* v. *Dennis et al.* (1918), 187 Ind. 420, 116 N. E. 417, 119 N. E. 716, Points 14, 15; *Kelley* v. *Hocutt, by Next Friend, etc.* (1955), 125 Ind. App. 617, 128 N. E. 2d 879, Points 2-4; *Ostrowski et al.* v. *Ostrowski et al.* (1956), 126 Ind. App. 413, 131 N. E. 2d 345, Point 1; *Lawson* v. *Cole, supra.* Here appellant's objections and various motions for mistrial were not specific; they did not point out or indicate the objectionable language or argument; no request was made of the court to instruct or admonish the jury so as to counteract any improper language or argument until after the conclusion of the final argument; and no reasons were advanced in the previous motions for mistrial why the harm allegedly done could not be cured by any other action of the court in the matter.

Appellant, by Specification 4 of its Motion for a New Trial, urges that the amount of damages is excessive and indicates that the jury acted from prejudice against appellant and from partiality toward appellee. No appropriate argument in support of this specification is advanced by appellant and no authorities are cited or referred to. Appellant says only: that it "sensed a feeling of prejudice" toward it before the jury retired; that motions to set aside the submission were made several times (referring to the above considered motions for mistrial and to set aside submission of the cause on the alleged ground of misconduct of counsel); and that "this probably would happen"

if appellant "were forced to commence trial" were pointed out in the above referred to asserted affidavits for continuance. No cogent argument or authorities having been made or cited, as required by Rule 2-17 (e), said Specification 4 is deemed waived.

Specification 5 of the new trial motion, that the verdict is not sustained by sufficient evidence, and Specification 6 thereof, that the verdict is contrary to law, are urged by appellant. These two specifications are predicated upon appellant's claim that the "evidence in this cause most favorable to appellee, together with all favorable inferences to be drawn therefrom indisputably shows that appellee was guilty of contributory negligence, as a matter of law, which proximately caused the accident." In its argument in support of said specifications, appellant quotes from testimony given by appellee and his brother to the effect that they had many times seen the involved hole in the street, were aware of it, had passed it many times a day for a "long" time, and more than ten times had "occasion" to walk over or around or "through" this particular hole. The argument concludes with the statement by appellant that the said evidence was uncontradicted, that there was no evidence to the contrary, and therefore, as appellee was guilty of "some" negligence contributory to the injury, he cannot recover. Three cases, one by the Supreme Court, and two by the Appellate Court, are then cited but none of them are discussed or applied with reference to the evidentiary facts in this case. We are left only with appellant's statement that there was "no other evidence to the contrary."

It is not enough merely to say that there was no other evidence to the contrary. There was other evidence as to the circumstances and conditions existing and relating to the occurrence of the accident. Appellee supplies us with such evidence and the same is not denied or contradicted as being incorrect by appellant in its reply brief. Appropos to the question and clearly applicable here are the observations

made by the court in *The City of Columbus* v. *Strassner* (1890), 124 Ind. 482, 25 N. E. 65, in this wise:

> "Conceding that the appellant in its brief has correctly and fully copied the testimony of the appellee relating to the question of contributory negligence (and this it has done, substantially if not literally), when all of the evidence in the case is considered we are not able to say as a matter of law that the appellee was guilty of contributory negligence.
>
> "The question of contributory negligence, as a question of evidence, was a controverted question, and therefore a question purely of fact for the determination of the jury. . . . .
>
> "In *Holloway* v. *City of Lockport,* 61 N. Y. Sup. Ct. 153, the court said: 'The duty of the defendant was to keep the streets, and sidewalks, constructed under its orders and directions within the city limits, in a reasonably safe and secure condition. *If the plaintiff did, in fact, know of the real condition of the walk before the accident happened, that circumstance alone does not deprive him of a right of action. That circumstance, however, with all other facts bearing on the question, was to be considered and weighed by the jury in determining whether the plaintiff was guilty of contributory negligence. . . .'*
>
> "The foregoing expresses the true rule as we understand ■ it, and is in accord with our own cases. . . .
>
> ". . .
>
> ". . . 'A person using a public street has no reason to apprehend danger, and is not required to be vigilant to discover dangerous obstructions, but *he may walk or drive in the day-time or night-time, relying upon the assumption that the corporation whose duty it is to keep the streets in safe condition for travel have performed that duty, and that he is exposed to no danger from its neglect.'* . . ." (Emphasis supplied.)

The testimony quoted by appellant may establish that appellee possessed knowledge of the hole in the street but it did not establish that he knew it made the street dangerous. There was evidence tending to show, as stated in appellee's brief, that appellee, a boy of eleven years of age, his brother, and another child companion, were on their way to see a "movie;" that the

street they were crossing was in a congested area of appellant city and the traffic was heavy at about the hour of 5:00 to 5:30 o'clock P.M., on the day of the injurious occurrence; that the youths followed the directions of their parents and a safety officer of appellant to look in both directions while crossing the street and were so doing when appellee stepped into the unrepaired hole in the street and sustained the injuries complained of; that the existence of the hole had been reported to the appellant by one Irene Morton a month or so prior to the date of appellee's injury and the hole was permitted to exist, unrepaired, until more than a week after the occurrence.

In *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, the following declarations were made and adopted:

" . . . '. . . The human mind is not so constituted that it can recall at all times things with which it is familiar, and we know from experience and observation that reasonably prudent persons receive injuries from defects and obstructions in streets and highways of the existence of which they had previous knowledge . . .' . . . Where a traveler 'is injured as a consequence of a defect of which he had previous knowledge, the mere fact of previous knowledge does not *per se* establish contributory negligence. And this is also the rule where previous knowledge is coupled with absence of thought concerning the defect at the time of the injury, or a momentary forgetfulness of it. Previous knowledge of a defect and forgetfulness of it are important facts to be considered in connection with all other circumstances in determining whether the party injured was exercising reasonable care. But it is not negligence, as a matter of law, for a person who has knowledge of a defect not to remember it at all times and under all circumstances.' . . .

". . . It would, therefore, seem to follow that a defect in a street or sidewalk might be of such a nature that a traveler, with prior knowledge of its existence, might momentarily forget there was such a defect without being chargeable with a want of due care, while the municipality, by reason of such duty resting on it, and a negligent failure to perform the same, might be held liable for an injury resulting therefrom. . . ."

And in *City of Valparaiso* v. *Schwerdt* (1907), 40 Ind. App. 608, 82 N. E. 923, the court, while holding that a person walking along a public street must use his faculties for observation in an ordinary and reasonable way proportionate to the existing dangers but is not bound to keep his eyes constantly upon the pavement, nor to look for danger at every step, and has a right to assume that the public officers have done their duty in the absence of notice or knowledge to put him on guard, said, appropos here:

". . . This is especially true *when a person's attention is diverted by some sufficient cause, as when he steps into an open hatchway while looking at other objects. . . .*" (Emphasis supplied.)

In the instant case, the diverted attention of the appellee in looking for oncoming traffic, as he was told to do by his parents and appellant's peace officer, certainly was a circumstance to be considered by the jury in connection with all the other circumstances of the case, as shown by the evidence, in determining whether appellee was contributorily negligent. We think, under the circumstances made apparent in this cause, that the question of contributory negligence of appellee was for the jury and that the verdict was not contrary to law.

Appellee's Exhibits VIII and IX were transparent color slides one inch high and one and one-half inches wide showing the injured ankle of appellee. They were introduced and received in evidence with no objection thereto by appellant. The transparent slides were so designed that the colored imprint thereon could be projected upon a screen by means of a projector. Out of the presence of the jury the slides were projected upon a screen in the presence of the trial court and counsel for appellant, without objection. At the trial appellee called as a witness the photographer who had taken the color pictures, for the purpose of having him operate the equipment and project the pictures upon a screen approximately twenty (20) inches by thirty-six (36) inches in size, for viewing by the jury. Appellant objected to the projection

upon the screen of the colored slides upon the ground that: "It is the belief of the defendant that if they are allowed to be projected on the screen, . . . that this will be inflammatory in the minds of the jury and prejudicial to the defendant . . . ." The objection was overruled. Appellee interrogated the photographer and asked him to show the slides on the screen. Appellant objected for "the reason we believe in their enlarged state they might be inflammatory in this case." This objection was also overruled.

Appellant specifies error by the court in the overruling of its objections. In argument, appellant says that "We believe" the introduction of this exhibit could serve no probative value; that a "grossly" enlarged color "photograph" could only serve to inflame the minds of the jury; that a glance at the enlargements, contained in the transcript, "will instantly show their prejudicial nature;" that since the photograph was already in evidence "the photographs" had no probative value and could have been introduced only for the purpose of inflaming the minds of the jury. Appellant further says that the court should have limited this evidence to "some relevant, probative point." We find no motion or request by appellant in the record that the court limit the evidence in any way.

Appellant, neither in its objections nor in its argument specifies, indicates, or shows how or in what way or manner the pictures might or would tend to inflame the jury. Having attended, with the court, at a previous showing of the slides on the screen, out of the presence of the jury, it would have been proper, we think, for appellant at that time to have voiced its objection to the showing thereof to the jury and to have called the attention of the court to the matters in connection with the projected pictures which appellant deemed inflammatory and prejudicial. We do not determine that appellant was required so to do but it would have served to clarify and make more specific the intended basis of the objections counted upon by appellant. Much, if not all, of appellant's argument consists of its conclusions and unapplied

cited authorities. There is no contention or argument by appellant that the projected slides were outside the issues made in the cause or that they did not tend to support any of such issues. Nor is it urged that the photographs did not truly represent and show the injured ankle, or that the slide and screen pictures were in any way distorted, inaccurate, or non-factual. Upon the briefs here submitted, we are not able to say that the screen enlargements of the slides "were not practically instructive as evidence," or that they "unduly emphasized the situation, arousing sympathies and prejudices of the jury," as appellant concludes in the brief.

The briefs do not describe the "photographs" of the injured ankle which were put into evidence without objection, other than that they were "transparencies," one (1) inch high and one and one-half (1½) inches wide. We must conclude from this meagre description and the fact that the image was cast upon a screen by a projector, that the admitted "transparencies" were "still" pictures on film through which the light from the projector tube could pass and thereby cast the filmed image in enlarged fashion upon the screen. The decision to admit such pictures in evidence is addressed largely to the sound judicial discretion of the trial judge under the circumstances of the particular case. *State* v. *United Rwys. Co.* (1932), 162 Md. 404, 159 A. 916, 83 A. L. R. 1307; *Sprinkle* v. *Davis* (C. C. A. 4) (1940), 111 F. 2d 925, 128 A. L. R. 1101, 129 A. L. R. 361, 62 A. L. R. 2d 689; *Commonwealth* v. *Makarewicz* (1955), 333 Mass. 575, Point 4, 132 N. E. 2d 294, 299. Here, no question is raised as to the identification or authentication of the colored slides, nor that they were not true and accurate reproductions of the portion of the injured ankle which was photographed; nor does it appear that the court was requested to limit the picture in any way or that, in fact, it failed to do so. The best we can gather from appellant's brief is that, in its opinion, the enlargement of the picture upon the screen would in some way exaggerate the condition of the ankle of the eleven

year old boy and thereby stir the passions of the jury and instill in the members thereof a prejudice against the corporate appellant. However, as we have already pointed out, no cogent argument has been made in support of such opinion or the "belief" of appellant, as expressed in its objections. In our opinion, appellant has failed to establish by the record any error of the court in overruling its objections to the showing of the referred to pictures upon the screen.

Appellant took the deposition of its former city engineer, one Kenneth L. Bowman, Jr. It appears that the deposition was taken on March 2, 1962, and was "offered before the beginning of the trial in this cause and *moved to be filed and published.*" (Emphasis supplied.) Appellee offered to read said deposition in evidence on its behalf. Appellant objected thereto by saying: "It is not admissable at this time. Is he (appellee's counsel) offering the whole deposition." Counsel for appellee replied: "The whole deposition . . . ." Appellant asked for and was granted time to "look at the law on this situation." Thereafter, the court inquired if there was an objection in the record. Appellant, by counsel, said. "There was an objection before the jury took its recess and . . . counsel represented to the court that he would withdraw his objection and counsel for the plaintiff then represented . . . that he will read the deposition in its entirety . . . ." It is apparent, we think, without further remarks, that no error is here presented as to the action of the court in permitting said deposition to be read in evidence by appellee.

Appellee offered in evidence his Exhibit XXIX, the same being the notice he served on the appellant city of the time, place, cause and nature of his injuries. Appellant objected to the offer on the grounds "first, . . . that it is hearsay. Second, . . . that it is self-serving and unsworn." A copy of the notice was attached as an exhibit to appellee's complaint and in its answer to the complaint appellant admitted the notice and that it had been served therewith.

The objection was overruled by the court and this action is specified as error in the motion for a new trial. Appellant argues that since the notice was admitted by the pleadings it could have no probative value and since it was self-serving and hearsay its admission in evidence served only to "emphasize unduly plaintiff's version of the occurrence which was extremely prejudicial to" appellant. The objection to admitting the notice in evidence did not embrace the now urged theory that it was prejudicial to appellant and such theory will not be further noticed.

At the time the court admitted the tendered notice in evidence, it admonished the jury that the exhibit is not to be taken as any evidence in determining any issue in the case; that the sole purpose of the notice being read into evidence is to show what notice was given appellant and "you are not to take any of the contents as any evidence in deciding the other issues in the case."

In its argument, appellant says only that the notice was self-serving, unsworn, and hearsay, and had no probative value, and cites *Espenlaub* v. *State* (1936), 210 Ind. 687, 2 N. E. 2d 979. No discussion or application of the cited case to the facts of the present question is made. Our reading of the cited case fails to disclose the application of its doctrine, under the prevailing facts of that case, to the contention now made by appellant. The latter further declares in argument that the hearsay rule applies as forcibly to a statement in writing as it does to those verbally made, citing 10 A. L. R. 2d 1035, and that the fact that a statement is contained in a formal document does not relieve it from the hearsay rule, citing a Michigan case. The aforesaid abstract propositions of law and unapplied statements comprise the entire argument of appellant on the question sought to be presented. See *Mendenhall, Extr.* v. *Mendenhall* (1955), 125 Ind. App. 519, Point 3, 124 N. E. 2d 873. If the notice had been admitted in evidence for the purpose of establishing or tending to establish the matters and facts alleged therein, then, beyond

doubt, the court may have erred. But considering the clear admonition by the court to the jury that the sole purpose of the notice was to show the fact that notice had been given appellant and the absence of cogent argument under the rules to support the objections made by appellant, we find that no error in its admission has been established.

Appellant, at the close of appellee's evidence and again at the close of all the evidence, moved for an instructed verdict in its favor. The motion was based on the ground that the evidence indisputably shows that appellee was guilty of contributory negligence as a matter of law. We have already disposed of that contention adversely to appellant.

Specification 7 (h) of appellant's Motion for a New Trial asserts error of the court in refusing to give certain instructions, twenty-eight (28) in number, tendered by appellant. No argument is made and no authority is cited in support of this specification and the same must, therefore, be considered as waived. Rule 2-17 (e), (f) ; *Bange* v. *State* (1958), 237 Ind. 422, Point 14, 146 N. E. 2d 811.

By Specification 7 (g) of its new trial motion, appellant specifies error of the court in the giving, over appellant's objections, of appellee's tendered instructions numbered 1, 2, 4, 8, 11, 12, 14, 15, 16, 17, 19, 20, 25, 26, 27, and 30. Any error as to the giving by the court of appellee's said instructions numbered 4, 15, 20, 25, 26, 27, and 30, is not discussed or mentioned in argument and consequently is waived.

The referred to Instruction No. 1 is as follows:

## "INSTRUCTION NO. 1

The court instructs you that municipal corporations or cities are liable for the wrongs of their agents and employees, when such wrongs are committed while such agents or employees are acting within the scope of their employment. Thus, the City of Shelbyville, Indiana, would be liable in damages to plaintiff for any injuries resulting to him solely and proximately arising as the result of negligence,

as charged in plaintiff's complaint, if committed by any of its street workers, street superintendent or city engineer."

Appellant objected to said instruction on the grounds (1) that it erroneously "imparts the idea" that "any wrong" by appellant's agents would be actionable when the only duty required by appellant is to use due care; (2) that the first paragraph of the instruction is misleading in that it conveys to the jury the "thought" that appellant would be required to use a degree of care other than ordinary care; (3) that the instruction ignores the pre-existing condition of appellee. The only argument submitted by appellant in support of its said objections is the statement of the abstract proposition of law to the effect that "No act is wrongful unless the probability of injury to some determinate person or class of persons raises the duty as to those persons to refrain from such act," citing *Harper* v. *Remington Arms Co.* (1935), 280 N. Y. S. 862, (156 *Misc.* 53). As stated in *N. Y., Chi., & St. L. R. R. Co.* v. *Laudenslager* (1957), 127 Ind. App. 301, Point 9, 141 N. E. 2d 355, ". . . We . . . are confined to such part of the objections made in this trial court as are argued in the brief." In *Washington Hotel Realty Co.* v. *Bedford Stone, etc. Co.* (1924), 195 Ind. 128, Point 10, 143 N. E. 156, it was said relative to claimed error in the giving of instructions:

"The appellant has alleged error in the giving of each of the instructions . . ., but *has not set out in his brief any reasons or grounds why the giving of them was erroneous* or citing any authority showing that the action of the court complained of was erroneous. It is not sufficient to state . . . that the instructions given are erroneous . . . *without pointing out why each instruction is erroneous* . . . and *citing authority showing why it was erroneous.*" (Emphasis supplied.)

Likewise, in *Gary Heat, Light & Water Co.* v. *Lucas* (1937), 103 Ind. App. 638, Points 1, 2, 7 N. E. 2d 536, the court said:

". . . appellant, . . ., indicates which part of the instruction it claims to be objectionable, *but does not state any*

*reasons why it is objectionable. . . .* This court will not search for reasons for disapproving instructions." (Emphasis supplied.)

We find the same infirmity in appellant's brief with relation to the objected to instructions numbered 8, 11, 12 and 14, as above found with reference to Instruction No. 1. As its argument in support of its objection to Instruction No. 8, appellant cites one unapplied case and then says: "The giving of the above instruction was error." In support of its objection to Instruction No. 11, appellant, in argument, merely says: "Appellant believes that the giving of the above instruction, over said objection, was error." Instruction No. 12, a mandatory instruction, was objected to by appellant in a fashion somewhat argumentative. But the objections, in substance, appear to be: that it is erroneous in the use of the word "caution" in addition to the word "care;" that it erroneously tells the jury that the duty of appellant to maintain its streets in a safe condition ignores the right of the city of a reasonable opportunity to make repairs after "they" become out of repair; that appellant is not an insurer and the law does not require it to constantly maintain its streets in any certain condition; that the city is only required to use due care in keeping streets in repair, and this includes the right of reasonable time to do so after discovery of defect; that the instruction assumes there was a hole in the street and that appellant permitted it to remain after reasonable opportunity to repair it; that the instruction invades the province of the jury and would be prejudicial to appellant. Appellant's argument in support of its several objections to the instruction consists entirely of one statement: "This mandatory instruction invades the province of the jury and therefore constitutes error," citing *The City of Franklin v. Harter* (1891), 127 Ind. 446, 26 N. E. 882. As to said Instruction No. 14, appellant presents no argument or statement at all except the objection itself and no authority is cited.

Under the rules, Rule 2-17 (e), (f), and the guiding

principles above quoted, we must hold that any error in the giving of appellee's instructions numbered 1, 8, 11, 12, and 14 is waived by reason of the failure to submit cogent argument in support thereof.

Only the objected to instructions numbered 2, 16, 17, and 19 are left for consideration. Instruction No. 2, given by the court, reads:

### "INSTRUCTION NO. 2

You are instructed that the plaintiff, Gary Paul Morton, as a traveler upon the public streets of the City of Shelbyville, was entitled to assume until he had reasonable notice to the contrary, that the defendant City would use and exercise reasonable care in maintaining the public streets and highway at the place in controversy, and that plaintiff cannot be held guilty of contributory negligence for relying upon such assumption under those circumstances."

Appellant's objections to said instruction were: that it erroneously assumes that appellant did not use ordinary care in maintaining its public streets; that it is erroneous in that it omits the element that appellee, himself, must at all times use ordinary care for his own safety. Appellant urges two propositions in support of its said objections: *First*, it is said that it must be remembered that according to the "uncontroverted" evidence, appellee was "familiar with the nature and site of the hole" and, therefore, he was entitled to assume nothing, and if he so assumed he was not, *under the evidence*, using ordinary or reasonable care for his own safety, and, therefore, the giving of the instruction was reversible error, citing *The City of Indianapolis* v. *Cook* (1884), 99 Ind. 10; and, *Seocnd*, that to tell the jury that appellee cannot be held guilty of contributory negligence "for relying upon such assumption," after the uncontradicted evidence showed that he had knowledge of the defect, invades the province of the jury, citing *The City of Plymouth* v. *Milner* (1889), 117 Ind. 324, 20 N. E. 235.

The said first statement of appellant gives us nothing to determine upon. We are not advised by appellant as to why

the instruction was erroneous simply because appellee had knowledge of the defect. We are not given the reasons upon which the statement is founded. The cited *City of Indianapolis* case is of no assistance. It was decided under the former practice when the plaintiff was required to allege and prove freedom from contributory negligence and the court held that under the evidence in that case it did not appear that the injured party was free of contributory negligence. See *Dondono* v. *City of Indianapolis* (1909), 44 Ind. App. 366, 89 N. E. 421, on page 423. We find nothing in the objection made by appellant which raises any question such as that now proposed. However, in *City of Columbus* v. *Strassner, supra,* it is said that a person using a public street ". . . may walk . . . relying upon the assumption that the corporation whose duty it is to keep the streets in a safe condition for travel has performed that duty, and that he is exposed to no danger from its neglect." As to appellant's above mentioned second statement, we observe that the objection made by appellant to the instruction included no such proposition or reason as that now advanced under said second statement. It cannot be here urged for the first time. We find no established error in the giving of said Instruction No. 2.

Instruction No. 16 advised the jury in this wise:

### "INSTRUCTION NO. 16

Although contributory negligence if a proximate or a contributing cause of plaintiff's injuries will defeat a recovery, I instruct you that the plaintiff, Gary Paul Morton, was not required to exercise extraordinary care as he walked northwardly toward the place in controversy."

Appellant objected thereto upon the grounds: that it is erroneous and improper in that it attempts to define and limit what does or does not constitute contributory negligence; that it is improper to instruct the jury as to what acts do or do not constitute contributory negligence, since the "rule and law" in Indiana is limited to ordi-

nary or reasonable care; that, therefore, the use of the word "extraordinary" is improper. In argument appellant urges that there are no degrees of care in Indiana and, therefore, the use of the word "extraordinary" was improper "for the reasons pointed out to the trial court in the above objection," citing I. L. E., Vol. 21, pp. 268, 271. We find nothing in the objection made by appellant to said instruction to the effect that the instruction undertook to define or advise as to degrees of care. The court simply told the jury that while appellee's contributory negligence, if a proximate or contributing cause of his injuries, would bar his recovery, he was not required to use extraordinary care as he walked toward the place of the accident. In *The City of Huntington* v. *Breen et al.* (1881), 77 Ind. 29, at page 34, the court quotes from 2 Thompson on Negligence, page 1203, Sec. 52, that ". . . One injured upon a street he knew to be dangerous need not show that he exercised *extraordinary* care while on such street."

We fail to comprehend the validity of appellant's proposal that the instruction, now considered, attempted to define and limit "what" does or does not constitute contributory negligence and what "acts" do or do not constitute contributory negligence. As we view the instruction, the court, in effect, merely advised the jury that as appellee walked toward the defect in the street he was not required to exercise extra or more than ordinary care. The instruction in no sense reduced the care legally required of appellee nor increasd the care legally required of appellant. The instruction, not being mandatory, must be read as a whole and in connection with all other instructions given to the jury, and the primary inquiry is whether the jury was mislead thereby. *Chesapeake & Ohio Ry. Co.* v. *Pace* (1961), 132 Ind. App. 321, Points 11 and 16, 175 N. E. 2d 895. By appellant's given Instruction No. 5, the jury was told that if it found from a fair preponderance of the evidence that appellee was guilty of "any" negligence, "however slight," that proximately

helped or caused to bring about or produce the injuries complained of, appellee could not recover; and by appellant's given Instruction No. 13, the jury was instructed that if appellee knew of the existence of the defect in the street, and failed to exercise "such care" as is commensurate with his capacity to appreciate and avoid danger, and such failure, if any, proximately caused his injury, then the jury may find appellee guilty of contributory negligence. In view of these instructions, tendered by appellant and given by the court, and other instructions which fully informed the jury as to reasonable care, proximate cause, negligence, and contributory negligence, we think that the jury was not mislead thereby and that appellant was not harmed by the giving of the same.

Appellee's tendered Instruction No. 17, given by the court, was as follows:

### "INSTRUCTION NO. 17

The Court instructs you that even though plaintiff may have been guilty of negligence that such negligence, if any, on his part must have been the proximate or a contributing cause of the occurrence in controversy and his injuries in order to bar a recovery, if he has proved the material allegations of his complaint.

You are, therefore, further instructed that even though you believe that plaintiff may have been negligent, unless such negligence, if any, is shown by a fair preponderance of the evidence to have been the proximate or a contributing cause of the occurrence in controversy and his injuries, then plaintiff is still entitled to recover from the defendant City, if from a fair preponderance of the evidence you find that the defendant City was guilty of any of the acts of negligence alleged in plaintiff's complaint and that such negligence, if any, was the sole proximate cause of plaintiff's injuries, if any."

Appellant objected to the giving of said instruction for the reasons: that the instruction is erroneous in that it instructs the jury that appellee is entitled to recover "under the limited conditions" set out therein for appellee's injury; that the

instruction omits consideration of appellee's pre-existing physical condition; that the jury cannot be permitted to speculate and guess as to appellee's pre-existing physical condition; and the giving of the instruction would be prejudicial to appellant. No argument is advanced by appellant as to appellee's pre-existing physical condition or what bearing said instruction may have had with relation thereto; nor is anything said in argument about how or in what way or manner the instruction permits the jury to speculate or guess as to such asserted pre-existing physical condition of appellee. The only expression advanced by appellant as its argument is that the instruction is bad for "the same reasons and under the same authorities" as was appellee's Instruction No. 16, citing *Huey* v. *Milligan* (1961), 242 Ind. 93, 175 N. E. 2d 698, which, appellant says, holds that an instruction which "attempts to limit, define or differentiate in the matter of negligence invades the province of the jury" and that "the same test of causation is applied in determining whether the conduct of plaintiff proximately contributed to the injury" as is applied in determining whether the conduct of the defendant is the proximate cause of the injury. No attempt is made to apply the principles announced in said cited case to the instruction now considered. We are not apprised by appellant as to what the "limited conditions" are that it objects to in the instruction. Nothing whatever is said as to how the instruction is prejudicial to appellant. In the absence of any cogent argument in support of appellant's above stated objections to said Instruction No. 17, we are unable to express any opinion with reference thereto and must consider that no error in the giving of the same has been established by appellant.

Over appellant's objections, the court gave appellee's tendered Instruction No. 19 which reads:

## "INSTRUCTION NO. 19

The Court instructs the jury that you may find notice to the defendant city of the condition of its street at the

place in controversy, if you think it may be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct testimony as to such notice."

The objections made by appellant to the giving of said instruction were: that it is erroneous in that it assumes there was a defect in the street; that it informs the jury that "they" may base their verdict upon what they "think it may be righfully and reasonably inferred," whereas, the jury can only base a verdict upon facts established by a preponderance of the evidence and not what it might rightfully think; and the giving of the instruction would be prejudicial to appellant. The whole argument set out in support of said objections is this one statement: "All material elements of the complaint must be shown by a preponderance of the evidence. Of course, nothing essential can be inferred by the jury. To so instruct, is error, which requires a reversal. *Union Mutual Life Insurance Co.* v. *Buchanan; Schillinger* v. *Savage* (1916), 186 Ind. 189, 115 N. E. 321; *Louisville & N. R. Co.* v. *Kemper* (1899), 153 Ind. 618, 53 N. E. 931." Here we have a statement of abstract propositions of law, with three cited authorities, unapplied to the Instruction No. 19 or the objections addressed thereto. In the cited *Buchanan* case, we find that the court said:

". . . 'It is, . . . to say that it is for the jury, and not for the judge, to draw presumptions of fact; and that, for the judge to tell the jury what presumption of fact they ought to draw from a given fact or series of facts, is a usurpation of their functions.' . . ."

And in the cited *Kemper* case the court declared:

". . . The jury were the exclusive judges of the facts, and it was for them to say what inferences of fact should be made from the evidence given on this point. . . ."

We are not inclined to the view that the above cited cases support appellant's abstract legal propositions above quoted. Con-

sequently, we must find and conclude that no error in the giving of Instruction No. 19 has been demonstrated.

Finding no reversible error, the judgment appealed from must be affirmed.

Judgment affirmed.

Bierly, C. J., and Hunter, J., concur. Smith, J., concurs in result.

NOTE.—Reported in 208 N. E. 2d 705.